## MONITION OF JOHNSON.

Where on an appeal from a judgment dismissing an application to homologate a judicial sale under the stat. of 10 March, 1834, the record, though certified as containing all the evidence offered below, is silent as to the publication of the monition, the judgment of dismissal must be affirmed.

One who shows no interest cannot oppose the homologation of a judicial sale, applied for under the stat. of 10 March, 1834.

APPEAL from the District Court of Plaquemines, *Rousseau*, J. *Lombard* and *Bradford*, for the appellant. *Rozelius*, for the opponent. The judgment of the court was pronounced by

EUSTIS, C. J. This appeal is taken from a judgment of the court of the second judicial district, dismissing a monition taken out by *Geo. W. Johnson*, to confirm a sale of a tract of land in the parish of Plaquemines, made under the authority of that court. There was an opposition filed to the monition by *John McDonogh*, in which he alleged certain informalities in the sale; on one of which, viz., that the sale ought to have been made by the sheriff, instead of

by the administrator of the succession to which the land apparently belonged the judge dismissed the monition.

It is not necessary to notice the several grounds on which this case has been argued at bar. It involves simply a question of every day's practice. The party applying for the benefit of a monition, which is to cure defects of form in a judicial sale, must bring himself within the statute of 1834. The basis on which the courts act under it is, due notice to all parties by certain publications in newspapers, which the statute requires. The certificate shows that the record contains all the evidence offered in the court below, and the statement of evidence contains nothing in relation to publication of the monition. On this essential point the record is silent.

· The applicant can, therefore, take nothing by his monition, and the court did not err in dismissing it.

But the court sustained in its decree the opposition of *McDonogh*. Now *McDonogh* showed no interest, and consequently had no right to interfere with the irregularities or defects of the sale. *Livingston* v. *White*, 2 Annual R. 902. The judgment of the District Court, in this respect, was erroneous.

It is, therefore, adjudged that the judgment of the District Court be annulled: that the opposition of *McDonogh* be dismissed, at his costs; that the monition be dismissed at the costs of the applicant; and that the costs of this appeal be paid jointly by the appellant and appellee.