## ROBERT COPELAND *v.* FELIX LABATUT et al.

Where the plaintiff sues to annul a sheriff's sale of his property after it has been re-sold at private sale to a *bona fide* purchaser, upon the ground of informalities in the mode of appraisement, he must show injury to himself in consequence of the informalties, and furnish security to warrant that the property, if re-sold, would bring a higher price than it did at the sale which is sought to be annulled.

The deputy sheriff is authorized to administer the oath to the appraisers of property sold at sheriff's sale; and the law does not require that the appraisers, if acquainted with the property, should personally inspect it for the purpose of making their appraisement.

APPEAL from the Second District Court of New Orleans. *Lea,* J. *E. H. Durell,* for plaintiff. *Benjamin* and *Micou,* for defendants. The judgment of the court was pronounced by

ROST, J. The defendant, *Labatut,* originally sold to the plaintiff a small plantation and dwelling house, partly for cash and the remainder on time. The notes given by the plaintiff not having been paid at maturity, *Labatut* took out an order of seizure, under which the property was sold. It was adjudicated to him for a sum exceeding two-thirds of the appraisement, and he has since sold it to his co-defendants, who are purchasers in good faith and for a valuable consideration.

The plaintiff first instituted an action to annul the sale and recover the property on grounds utterly frivolous. The defendants excepted to the petition, alleging that the plaintiff had shown no cause of action, and prayed to be dismissed from the suit. The district judge sustained the exception, and ordered that the plaintiff's petition be dismissed, with costs. The plaintiff has since instituted this proceeding, in which, besides setting up the same grounds of nullity, he alleges that the appraisers were not sworn, and that if they were, the appraisement is null, because they did not examine the property after the oath had been administered to them; that one of them, at least, never was in the house, and could form no correct estimate of its value.

The defendants filed a peremptory exception of *res judicata.* They also pleaded the general issue, and averred that they were purchasers in good faith for a valuable consideration. They also claim damages in reconvention for the slander of their title. The judge, without passing upon the peremptory exception, decided the case against the plaintiff on the merits; and he has appealed.

There is no error in the judgment. The petition contains no allegation, and the record no proof of any injury having been sustained by the plaintiff, in consequence of the informalities alleged; and no offer on the part of the plaintiff to warrant that the property, if re-sold, would bring a higher price than it did before. Under the rule which we have found it necessary to adopt, those omissions would prevent us from disturbing the judgment, even if the informalities were much more material than they actually are. As the case is before us, the plaintiff is without interest, and therefore without right to contest the adjudication. *Coiron* v. *His Creditors,* 3d Ann. *Sewell* v. *Payne & Harrison,* 5th Ann. 255. *Chrétien* v. *Richardson, ante* p. 2. *Stockton* v. *Downey,* 6th Ann. We think, with the district judge, that on the merits the case is with the defendants. The deputy sheriff was fully authorized to swear the appraisers.

COPELAND    The appraisers appointed were both well acquainted with the property. It
v.        is true, one of them testifies, that he had never been in the house, and that he
LABATUT.   did not go on the premises after he was sworn. But it is shown, that he
yielded to the opinion of the other appraiser, and adopted his valuation. It would,
no doubt, have been more regular that both should have gone on the property; but
no law required them to do so; and they appear to have acted honestly, and to
have made a fair appraisement. There would be no end to litigation if, under
such circumstances, judicial sales could be set aside. The rule that many things
are forbidden to be done, which, when done, acquire validity, applies with much
greater force when the act or omission complained of is not forbidden.

The judgment is affirmed, with costs.