## John H. Barret *v.* James Emerson et al.

*Bona fide* purchasers, who have advanced their money upon the faith of the proceedings of a Court of justice—a judgment, execution and sheriff's deed—who have possessed peaceably for many years—who have expended large amounts in improvements—will not be turned out of possession on account of mere informalities, at the instance of a party who shows no injury, and exhibits no equitable ground for relief.

The validity of a judgment for want of citation, cannot be attacked in the Supreme Court when it was not made a ground of action in the Court below.

APPEAL from the District Court, Parish of St. Mary, *Voorhies*, J. *Walker*, for plaintiff and appellant—cited *Delogny* v. *Smith et al*, 3 L. R. 418; *Mayfield* v. *Casnier*, 7 N. S. 185; 8 N. S. 246; *Morris* v. *Croeller*, 4 L. R. 150; *Spiller's Heirs* v. *Baumgard*, 4 L. R. 207.

*Cork*, for defendants. *Olivier*, for warrantor—cited *Copeland* v. *Labatut et al*, 6 A. 61; *Stockton* v. *Downey*, 6 A. 581.

SLIDELL, J. This action is brought by the plaintiff to annul a sale of real estate made by the Sheriff of the parish of St. Mary, in 1844, to *N. Labarthe* under a *fieri facias*, issued upon a judgment obtained by *N. Labarthe* against *Peyroux, Rivarde & Co.*, as third possessors, and by which a tacit mortgage upon the real estate was recognized. The defendant holds under the Sheriff's deed through various mesne conveyances accompanied by uninterrupted possession. Important improvements have been made since the Sheriff's sale. The plaintiff holds under a sale from *Peyroux*, one of the members of the firm of *Peyroux, Rivarde & Co.*, and who appears to have acquired the interest of his copartners. This purchase was made by the plaintiff in 1846.

The grounds for annulling the judicial sale alleged in the petition are :

"1st. That the writ upon which the said lots purport to have been seized and sold, was issued without authority of law, and was not a legal writ.

"2d. No notice of the seizure of said lots was served on *Sylvain Peyroux*, then sole owner of said lots, nor on either of the firm of *Peyroux, Rivarde & Co.*, nor on any person by them, or either of them, thereunto lawfully authorized. •

"3d. No notice to appear for the purpose of naming an appraiser was ever served on said *Peyroux, Rivarde & Co.*, or on either of the members of said firm, nor on any person by them or either of them thereunto lawfully authorized."

The petition contains no allegations, nor the record any proof, of any injury having been sustained by *Peyroux*, the defendant in execution, under whom the present plaintiff claims, in consequence of the informalities alleged; nor of any

BARRET
*v.*
EMERSON ET AL.

offer, on the part of the plaintiff, to warrant that the property, if resold, would bring a higher price than it did before; nor any tender of payment of the mortgage debt which incumbered the property before *Peyroux* acquired an interest in it, and for the satisfaction of which the judicial sale was made. Why should *bona fide* purchasers, who have advanced their money upon the faith of the proceedings of a court of justice, a judgment, execution and Sheriff's deed—who have possessed peaceably for many years—who have expended large amounts in improvements—be turned out of possession on account of mere informalities, at the instance of a party who shows no injury, and exhibits no equitable ground for relief? Such a result is inconsistent with repeated decisions which of late years this Court has felt it to be its duty to make. See *Cerion* v. *Millaudon*, 3d Annual, 668; *Sewell* v. *Payne*, 5th Annual, 260; *Copeland* v. *Labatut*, 6th Annual, 61; *Stockton* v. *Downey*, ib. 585. We are aware that those decisions are not in harmony with the jurisprudence which, for a time, prevailed in this State. But they were the result of careful reflection. We believed them to be a return to sound and equitable principles, which we thought had been lost sight of in a too rigorous regard for form. We found a sanction for them, not merely in natural equity, but in the jurisprudence of other enlightened countries; and we saw that the titles of many honest citizens had been rendered insecure, public confidence shaken, and the public prosperity affected by the temporary adoption of a contrary doctrine.

In the argument before this Court, the plaintiff's counsel attempts to raise another objection to the judicial sale, which was not alleged in the petition. The validity of the judgment itself is attacked here, on the ground of defect of citation. We are of opinion that the objection cannot be heard here, not having been made a ground of action in the Court below; and it is proper to add that the transcript does not afford us the proper means of considering the point suggested, inasmuch as the evidence contains only excerpts from the record of the suit of *Labarthe* v. *Peyroux, Rivarde & Co.*

Judgment affirmed—costs of appeal to be paid by plaintiff.