9  539
48  1464

W. B. Partee, Syndic, *v.* J. Corning & Co.

*Syndic of pledgor alleged, that bills receivable were pledged and delivered to defendants for simultaneous advances. He neither impeached the good faith of the transaction, nor showed any injury to creditors, but merely objected to an informality in these pledges, by reason of an omission to endorse the bills receivable, as prescribed in the Art. 3123 C. C. Held: That the syndic cannot, upon a mere formality of this sort, disturb the pledge.*

APPEAL from the Third District Court of New Orleans, *Kennedy,* J.
*Hunton & Bradford,* for plaintiff and appellant. *Benjamin & Micou,* for defendants.

Slidell, C. J. The question we have to determine is, whether a sufficient cause of action was presented with legal accuracy and certainty on the face of the petition. The District Judge concluded this question in the negative, and in that opinion we concur.

The bills receivable were pledged and delivered to defendants for simultaneous advances, the good faith of the transaction is not impeached, and the objection is merely to an informality in these pledges, by reason of an omission to endorse the bills receivable, as prescribed in Article 3123. It is clear that the pledgors could not have set up this objection, and we are of opinion that the syndic cannot, upon a mere naked informality of this sort, disturb the pledge. Let it be observed, that there is no pretence that the pledges were taken in bad faith, or that an injury was done to creditors in taking them.

Then the inquiry remains, whether the subsequent settlement of the 30th of September, by which *Corning & Co.* took the bills receivable in settlement of the indebtedness should be disturbed, upon the showing made in the petition. Upon a careful perusal of the petitition, we are of opinion with the District Judge, that no sufficient ground for the revocatory action is distinctly and specifically set forth. It is not alleged that this settlement was injurious to the creditors. The invalidity seems to rest upon the assumption, that the contracts of pledge were absolute nullities. But this is an error. The syndic cannot impugn them on the mere ground of the informality alleged. If therefore it be conceded that, after their insolvency, *Partee & Co.* could not voluntarily give the property pledged to the creditor in payment of the debt, yet this being done, a court of justice would not set it aside in the revocatory action, unless upon proof that it was injurious to creditors. C. C. 1973. For if the settlement were set aside, the pledge would be reinstated; and if the property was not more than sufficient to satisfy the pledge, the creditors would gain nothing, and the rescission would be fruitless. There is not then in this petition any sufficient allegation of injury or fraud touching the settlement; and the ground upon which it is really attacked, the invalidity of the pledge and acquisition of rights after insolvency to property in which the creditors had no lawful interest before, is untenable. The District Judge has properly said, in substance, that if the plaintiff meant to attack the settlement of 30th September, 1851, on the ground that it unlawfully secured to the defendants advantages beyond their contracts of pledge to the detriment of other creditors, the grounds of attack should have been specifically and distinctly set forth.

On the whole, after a careful analysis of the petition, we think we should not disturb the ruling of the District Judge, who, it will be observed, has in his decree of dismissal, reserved the plaintiff a right of further action.

Judgment affirmed; costs of appeal to be paid by plaintiff.