M. & B. Mullen & Co. *v.* T. J. Harding and J. M. Bass.—R. M. Scott et al., Intervenors.

12  271
47 1283
12  271|
d107 776|

A judgment debtor is at liberty to waive the formalities of the law, so far as they exclusively affect his personal interests.

A *bona fide* purchaser at a Sheriff's sale will be protected against any attack upon his title upon the ground of informalities, unless the plaintiff show injury to himself in consequence of such informalities.

APPEAL from the District Court of Madison, *Farrar,* J.

*A. T. Steele,* for plaintiffs. *Stacy & Sparrow,* for defendants and appellants.

Lea, J. There is no dispute about the material facts of this case. In December, 1846, the plaintiff obtained a judgment against *William Amos* and *Thomas P. Roe,* commercial partners, for the sum of $5,298 65, with interest thereon at the rate of ten per cent. per annum from the 5th April, 1842. This judgment was duly recorded in the parish of Madison, and was reinscribed before the lapse of ten years from its first rendition. As thus inscribed, it operated as a mortgage upon any immovable property of either of the defendants situated in that parish.

In the year 1845 *Thomas P. Roe,* one of the defendants, purchased from *H. Pargoud* the south half of section 20, township 17, range 13 east, for which he gave $638 50 in cash and two notes, each for a like amount, payable respectively in one and two years after date, secured by a special mortgage on the property sold.

The two notes above described not having been paid at maturity, *Pargoud* obtained an order of seizure and sale of the tract of land sold by him to *Roe.* The writ of seizure and sale was issued on the 30th May, 1848, and the defendant, *Roe,* having made a waiver of notice, appraisement and *advertisement,* the property was offered for sale on the 3d day of June, 1848, and sold to *G. L. Douglas* for $2,900.

*Douglas* subsequently sold to *A. R. Hynes,* who afterwards reconveyed the property to *Douglas.* The property by successive transfers passed from *Douglas* to the Union Bank of Tennessee, and from the Bank to *John M. Bass,* who sold an undivided half to *Thomas J. Harding.* The property is now owned in undivided halves by *Thomas J. Harding* and *John M. Bass,* the present defendants, against whom the plaintiffs have brought this suit in the form of an hypothecary action to enforce the mortgage resulting from their judgment against *Roe.*

It is clear that if the sale made at the suit of *Pargoud* had been regular in every respect, the property would have passed to the present purchasers unincumbered with the judicial mortgage in favor of the plaintiff.

It is contended that the irregularities attending the sale were such as to deprive it of the force and effect of a judicial sale, and that the judicial mortgage remains in full force and effect. A judgment debtor is certainly at liberty to waive the formalities of the law, so far as they exclusively affect his personal interests, and the court has frequently held that a bona fide purchaser at a Sheriff's sale will be protected against any attack upon his title upon the ground of informalities, unless the plaintiff show injury to himself in consequence of

such informalities. See *Copeland* v. *Labatut*, 6 An. 61; *Stockton* v. *Downey*, 6 An. 581. In this case no attack is made upon the sale, and the only question is whether the plaintiff's mortgage has ever been legally cancelled.

The defendants in this case are bona fide purchasers for a real and sufficient consideration. They are also without notice, unless they are to be held to a constructive notice of the details of the proceedings in the case of *Pargoud* v. *Roe*. They hold under a sale made by the Sheriff in virtue of an order of court. Unless the plaintiffs can show that they have suffered injury by the informalities complained of, they ought not to be permitted to attack the validity of the proceedings.

It is not shown that the property did not sell for its full value, and moreover it appears that had it sold for twice the amount it actually brought, the whole sum would have been absorbed by the claims of creditors holding judicial mortgages prior in the date of their registry to that of the plaintiffs.

The plaintiffs could not, therefore, by any possibility, have been injured by the alleged informalities in the sale, and have, therefore, no interest in invoking them.

The sureties of the Sheriff have no right to intervene in this suit. The payment made by them, as sureties of the Sheriff on his official bond, could only subrogate them to the rights of their principal, the Sheriff, and they have no more right to intervene in this suit than he would have.

It is ordered, that the judgment appealed from be reversed, so far as it relates to the defendants, and that there be judgment in favor of the defendants. It is further ordered, that as respects the intervenors the judgment appealed from be affirmed, and that the costs of this appeal be paid by the appellees.