HOWELL, J., recused.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## J. QUERTIER & Co. *v.* THE SUCCESSION OF CHARLES HILLE et al.

We think it competent for parties to waive rights and forms, when not prohibited by law.

A mortgage creditor, next in rank to one who has been paid, is entitled to a judgment against the purchaser, as a third possessor of the property, subject to his mortgage, to be paid out of the funds which he should have retained for that purpose, and which it was incompetent for the Sheriff in his official capacity to receive.

APPEAL from the Second District Court of New Orleans, *Whitaker, J.* *Durant & Hornor,* for plaintiffs. *C. Dufour,* for the succession. *Guy Duplantier,* curator ad hoc.

HOWELL, J. Plaintiffs, as first mortgagees, caused certain property, belonging to defendants, to be sold under executory process, on 31st January, 1862, for the sum of $7,900, which was paid in full by the purchaser, Louis Gertris. After paying the claim of plaintiffs, with interest, costs and charges, there remained a surplus of the proceeds of $1,852 88, which the Sheriff reports as in his hands, subject to the further order of the Court.

Francis Reynolds, the second mortgage creditor, as shown by the certi-

ficate of mortgages, and J. M. Demarest, administrator of the succession of Charles Hille, one of the defendants, took a rule, on 11th January, 1864, upon Louis Gertris, the purchaser, and the representative of the succession of Joseph Allen, the other defendant in the executory proceedings, to show cause why Gertris, the purchaser, should not pay the said surplus, with eight per cent. interest, from February 1st, 1862, and costs, upon the grounds that, under the law, he was bound to retain said amount in his hands, and the Sheriff was without authority to receive it.

On the trial of this rule, *no exception having been filed to the mode of proceeding*, the District Court made it absolute, and condemned the purchaser, Gertris, to pay to F. Reynolds the amount of his mortgage, $983 09, with eight per cent. on one-half thereof, from 29th November, 1858, and the other half from 29th March, 1859, up to the date of rendering the judgment, to be paid out of the surplus aforesaid, and the balance thereof, *fixed at* $423 56, to be paid, one-half to Demarest, administrator of the succession of Hille, and the other half to Mrs. Allen, natural tutrix of her minor children.

From this judgment Gertris appealed. The plaintiffs in rule, Reynolds and Demarest, administrator, pray that the judgment be amended, by allowing interest until date of payment.

The appellant contends that the proceeding by rule is null and void ; such practice is unknown to our laws ; the mover was not a party to the original proceeding ; has never obtained a judgment upon his claim, and the purchaser has not admitted the existence of such a claim ; that the unpaid mortgage creditors must proceed by the hypothecary action, as pointed out by Art. 709 C. P.; and that the certificate of mortgages recites other mortgages and privileges, which may be urged against the balance of the price, until it is absorbed. He makes no complaint upon the allowance of interest.

It is very certain that Art. 709 C. P. authorizes privilege and mortgage creditors to proceed by the hypothecary action against the purchaser of a property seized, as a third possessor of mortgaged property, and it has been sanctioned by several decisions of this Court. See 16 L. 170; 3 A. 542; but we know of no law nor decision which declares the proceeding by rule to be a nullity. On the contrary, in the case of *Tunnard* v. *Hill*, 10 A. 247, where a direct action was brought against the defendant to obtain payment of the sum claimed out of the funds retained in his hands, as the surplus of the purchase price, the Court say : "Although it would have been more regular for the plaintiff to have proceeded by a rule, the defendant has waived all objections on that score by his mode of pleading."

It does not appear, however, that this question was the subject of investigation, or essential to the decision in that case, and we do not feel ourselves called upon to say that the opinion thus expressed shall be considered as having overruled the former jurisprudence on this point of practice. We think it competent for parties to waive rights and forms

when not prohibited by law; and we think that the appellant has waived his objections to form in this case, by not excepting, at the proper time, to the mode of proceeding. We observe a great tendency to conduct judicial proceedings in this summary manner, and we are disposed to check and discourage it, and hold litigants to an observance of the forms prescribed by law; but we can effect it only in a legal manner, and when regularly presented.

The record shows that the appellee, Reynolds, is the mortgage creditor next in rank to the plaintiffs in executory process, whose claim was paid in full, and by law he is entitled to a judgment against the purchaser, as a third possessor of the property subject to his mortgage, to be paid out of the funds which he should have retained for that purpose, and which it was incompetent for the Sheriff, in his official capacity to recover. See *Pepper et al.* v. *Dunlap*, 16 L. 175; *Cummings* v. *Erwin*, 15 A. 289; *Merchants Bank* v. *Peters*, 2 R. 214; *Scott* v. *Featherston*, 5 A. 313.

The appellant correctly contends that, so long as there are mortgages or privileges uncancelled, he cannot be compelled to pay any of the fund to the debtor in execution. By the judgment appealed from he is ordered to pay the sum of $423 56, as the balance in his hands, to the two co-defendants jointly. We find united, in the certificate, a privilege and mortgage upon the property in question, for an amount greater than the sum ordered to be paid to the debtor in execution. The judgment in favor of J. M. Demarest, administrator of the succession, and Mrs. Marie Louise Allen, natural tutrix of her minor children, defendants in execution, must be reversed.

It is therefore ordered, adjudged and decreed, that so much of the judgment of the lower Court as is in favor of J. M. Demarest, administrator of the succession of Charles Hille, deceased, and Mrs. Marie Louise Allen, natural tutrix of her minor children, be avoided and reversed; and that, upon their claims, there be judgment of nonsuit. It is further ordered that the judgment in favor of François Reynold be amended, so as to allow him the interest awarded, up to the date of final payment; and that, as thus amended, the judgment be affirmed; the costs of appeal to be paid jointly by appellant and the succession of Hille and Mrs. Allen, natural tutrix.