No. 181.—R. L. GILMER, Application for Monition. Opposition of JOSEPHINE NICHOLSON et als.

A third party who makes opposition to a monition sued out by the purchaser at judicial sale, must, in order to maintain his opposition, show an injury resulting to himself from the sale.

APPEAL from the District Court, parish of Caddo. *Levisee, J. Nutt & Leonard*, for appellant. *Wright & Duncan*, for opponents, appellees.

HOWELL, J. R. L. Gilmer having purchased certain lands in the parish of Caddo, at a sheriff's sale, made under a writ of execution issued in the suit of Josephine Nicholson and Husband *v.* Laura J. Willis, applied for and published a monition under the statute of 1855, p. 403, which application was opposed by the said Josephine Nicholson and husband on the grounds following :

*First*—Because the property described is the only property which the defendant possesses, out of which plaintiff in execution can make her judgment, and the price for which it was adjudicated, to wit, seven hundred dollars, amounting to but a fraction of her said judgment.

*Second*—Because said sale was made contrary to the instructions of the plaintiff, who, through her attorneys and agent directed the sheriff on the day of sale not to expose the property to sale.

*Third*—Because the said sale was not made according to the advertisement.

*Fourth*—Because said property was not appraised at one-fourth of its value.

Under the view which we have taken of the case, it becomes unnecessary to pass on the bill of exceptions of the appellant, Gilmer, to the admission of the witness Duncan's testimony. The evidence in the record does not show that the sale in question has caused or can cause the opponent, Mrs. Nicholson, any injury, and hence she has no

interest in having the sale set aside.    There is no proof that the property was appraised or sold for less than its value, and it is not even alleged that opponent or any other person would give more for it than the price at which it was sold.    It has been frequently held that judicial sales ought not to be disturbed, unless the party suing can show an injury resulting to him from the sale, as well as an interest in the result of the suit.   6 A. 54, 581; 5 A. 260; 3 A. 656, 664; 2 A. 902.

It is therefore ordered that the judgment appealed from be reversed; that the opposition of Josephine Nicholson and husband be dismissed; that the judicial sale made on the third day of February, 1866, by the sheriff to R. L. Gilmer, by virtue of a writ of *fieri facias* issued in the case of Josephine Nicholson and Husband *v.* Laura J. Willis, No. 6752 on the docket of the District Court, parish of Caddo, for the sum of seven hundred dollars of the following described property, to wit: the southwest quarter of northwest quarter of section twenty-three, township seventeen, range fifteen, containing forty acres; also, the southwest quarter and the east half of northwest quarter and the west half of the northeast quarter, section twenty-three, and the east half of northeast quarter, section twenty-three; also, the north half of west half of northwest quarter, section twenty, township seventeen, range fourteen, containing in all four hundred and eighty acres, with all the improvements thereon, except the buildings on said land, and one hundred and sixty acres of said land on which said buildings are situated, and which lies immediately adjacent the buildings, the sale of which was enjoined by an order of the District Court of said parish in suit of L. J. Willis *v.* Simpson, Sheriff, *et al.*, No. —— on the docket of said court, be homologated and confirmed, and that the opponents pay the costs in both courts.