### No. 191.—J. S. SIMONS *v.* STEAMER R. WHITE AND OWNERS.

The instructions of the attorney of record, who placed the writ of *fi. fa.* in the hands of the sheriff, to retain it after the return day, will protect the sheriff from liability for failing to return the writ.

APPEAL from the District Court, parish of Caddo.　*Taylor* (attorney-at-law), presiding, vice *Levisee*, J., recused.　*Williamson & Levisee*, for plaintiff and appellant, *S. N. Chapman*, for defendant and appellee.

LUDELING, C. J.　This is an action by rule on the sheriff, Nathan Hoss, to show cause why there should not be judgment against him for the amount of a *fieri facias* placed in his hands for failing to return the writ before the expiration of the return day.

The evidence shows that R. S. Parham, an attorney at law, received the writ, and placed it in the hands of the sheriff; that subsequently he instituted proceedings in garnishment, to collect the amount of the debt; and that he did collect from the parties garnished about thirteen hundred dollars.　It appears further that the sheriff was directed and instructed to hold up the writ, and not return it until after the return

day. In the present suit the plaintiff has denied under oath the attorney's authority to represent him. Whether or not this affidavit is sufficient to prove a want of authority in the attorney to act, under the circumstances, is immaterial in this case. It is not shown that the sheriff had any reasons to doubt the authority of the attorney to act in the matter. The writ was placed in his hands by the attorney, and the garnishments sued out were obtained by said Parham. These facts justified the sheriff in believing Parham was the authorized attorney of the plaintiff; and he was the attorney of record. We think the instructions of the attorney directing the sheriff to retain the writ in his hands should protect him from liability for not returning the writ, even if the plaintiff had not ratified the acts of Parham by settling with him for the moneys collected by him. Sheriffs have responsible and delicate duties to perform; and they should not be mulct in damages except when it is clear that they have been derelict in the discharge of their duties.

It is therefore ordered and adjudged that the judgment of the District Court be affirmed; and that the appellant pay the costs of appeal.