No. 9428.

A. G. NICOLOPULO VS. HIS CREDITORS.

Under the law of Louisiana, a contract of sale is perfect, as between the parties, from the moment of valid agreement and operates to vest the property in the vendee even though there has been no delivery.

Although, in the absence of delivery, such sales are without effect as against seizing or attaching creditors of the vendor and his *bona fide* transferrees in possession and without notice, the vendee's title is not affected by the vendor's mere surrender in insolvency to his creditors. Such surrender only passes property belonging to the insolvent, and the syndic takes only the right which the insolvent himself had. The syndic and the creditors have not seized or attached the property, and are not transferrees within the sense of the law.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*Bayne & Denegre* for Plaintiff and Appellee.
*Fred. D. King* for C. W. Miltenberger, syndic.

The opinion of the Court was delivered by

FENNER, J. There is no room for dispute about the facts of this case.

On the 9th of October, 1883, A. G. Nicolopulo sold to E. L. Carrière his valuable furniture contained in his residence for the price of $11,460 10, which was paid in cash.

For reasons not necessary to mention, the furniture was left in the possession and use of Nicolopulo.

In August, 1884, Carrière made a cession of his property to his creditors.

J. M. Seixas was duly elected syndic, and finding the receipted bill of sale amongst Carrière's papers, called upon Nicolopulo in reference to it, who promptly acknowledged the sale but requested that the furniture should not be disturbed, agreeing to hold it as custodian for Seixas.

Later on, in September, 1884, Nicolopulo furnished a bond with security to Seixas, for the safe return of the furniture on demand, which was acknowledged to be the property of the insolvent estate of Carrière. Subsequently, Siexas applied for and obtained an order of court for the sale of the property on Nicolopulo's premises, but the latter objected and the sale did not take place.

On the 12th of January, 1885, Nicolopulo made a cession of property to his creditors. He immediately informed Seixas and the latter sent a keeper to the house to see to the safe-keeping and non-removal of the furniture, who has since remained there.

C. W. Miltenberger was appointed provisional syndic of the creditors of Nicolopulo and he refused to permit Seixas to remove the furniture, claiming title thereto in the estate of Nicolopulo.

Thereupon, a rule was taken by Seixas upon Miltenberger to show cause why his title should not be recognized and why the latter should not permit him to remove the furniture.

From a judgment making the rule absolute, the present appeal is taken.

The opposition to Seixas' right is based upon the following legal propositions:

1. That under the facts above stated, there was no delivery to Carrière or his syndic, and that, therefore, being a sale of movables the transfer of ownership, though valid as between the parties, was without effect as to seizing creditors or as to subsequent *bona fide* transferrees in possession from the vendor.

2. That by virtue of Nicolopulo's cession, his syndic in possession is entitled to the rights of a seizing creditor or, at least, of a *bona fide* transferree.

We waive discussion of the question as to whether the acts above stated constituted a valid delivery.

The rest of the first proposition is unquestionably sound law under the very text of Arts. 1922 and 1923 of the Civil Code.

But the second proposition is untenable.

Article 2456 of our Code provides: "The sale is considered perfect between the parties, and the property is acquired of right to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered nor the price paid."

This is a literal transcription of Art 1583 of the French Code.

It, with others of like tenor, introduced a new mode of acquiring the ownership of things which had not been recognized in the Roman law, viz: by the effect of contract. The French commentators and jurists differed amongst themselves as to the effect of a sale of movables without delivery, with regard to third persons; Marcadé and others holding that it was perfect, even without delivery, by the simple force of the consent, with regard to all the world, and that neither subsequent transfer nor seizure by creditors could affect it; while Toullier and others held a contrary opinion. 4 Marcadé, 478; 6 Toullier, No. 205; 7 Id. Nos. 35, 36.

So far as sales of immovables are concerned, all agreed that delivery was not essential to their effect in all respects.

Our code of 1825 and the registry law of 1827 introduced important modifications, providing, in substance, that sales of movable property are without effect as against creditors and *bona fide* purchasers until delivery; and that sales of immovables "shall have no effect against third persons but from the day of their being registered." C. C. 2243 (2247), 1916 (1922), 1917 (1923); Acts of 1827, p. 138, sec. 5.

Thus it is apparent that the lack of registry in the sale of immovables, and the absence of delivery in the sale of movables, had precisely the same effect upon the rights of the parties as regards third persons, except that in the former case even good faith was not required in subsequent purchasers.

Such being the state of the law in 1850, this Court, through Chief Justice Eustis as its organ, then decided that an unrecorded sale of immovables by a vendor who subsequently became insolvent was valid as against his syndic, and that the latter was not a third person within the meaning of the registry law—saying: an insolvent "is only bound to put upon his schedule the property which belongs to *him*, together with *his* rights, present, future and contingent. He cannot put upon his schedule, nor can he cede, nor his creditors acquire through him, that which does not belong to him." And the court held that the unrecorded title of the antecedent vendee was valid even against a purchaser at the syndic's sale. Campbell vs. Slidell, 5 Ann. 274.

The same principle applies *a fortiori* to exclude the syndic of the insolvent vendor from the category of third persons who may disregard the title of the vendee of movables not delivered. We say *a fortiori* because in the latter case, Articles 1922 and 1923 C. C. may be considered as restricting the *third persons* having such right to the classes of subsequent *bona fide* transferrees without notice and in possession, and to creditors who have seized or attached the property.

In this case there was no seizure or attachment by the creditors, and even if the cession operated a transfer to the creditors, contrary to the above decision, they were not transferrees *bona fide* and without notice, because the schedule filed by Nicolopulo with his petition gave notice of Carrière's claim, (though under an incorrect description) and expressly stated that the insolvent's possession was only as custodian for Carrière. Besides, under our insolvent laws, it is well settled that the cession does not pass the real ownership of the property, but only restrains the insolvent's power of alienation and the rights of creditors to seize or attach, and fixes the rights of all parties as they stood at the moment of cession, so that the property may be equitably distributed in satisfaction of such rights. Rival vs. Hamstock, 2 Rob. 194; Lyons vs. McRae, 14 Ann. 443; Laforest vs. His Creditors, 18 Ann. 292.

At the moment of cession, Carrière was the owner of this property, entitled to claim and enforce possession thereof, and his rights were unimpaired by the insolvency.

Judgment affirmed.