The opinion of the court was delivered by
Miller, J.
- The plaintiff, as commissioner of Leeds & Co., Limited, brings this revocatory action to set aside a transfer of property by the company to the defendant, the petition containing the allegations of the insolvency of the company, that defendant was their creditor with knowledge of the insolvency and of injury to the creditors. The defence is the general issue, with the additional averment that the property transferred was covered by patents to defendant securing to him the exclusive use and to the delivery of which he was entitled. The judgment was in defendant’s favor, and plaintiff appeals.
The defendant was the patentee of an attachment to sugar mills for the separation of the juice of the cane. Leeds & Co. were *1461 machinists, with a contract to manufacture for the defendant the patented machinery to be taken and paid for by him, as well as sold by them when opportunities offered. To secure prompt execution of orders for machines, the work of the company was generally or often done in anticipation of orders from planters, and the result was the machines or castings and other parts of it were ready for prompt delivery when orders came for the machine. This led, as we gather from the record, to a course of business by which the company anticipated payment for their work before the machines were ordered, or at least before the price was realized, and the defendant would practically make that payment in advance. The company would obtain defendant’s notes for amounts assumed to be coming to them from work in hand, or to be done under anticipated orders for the attachments. The notes thus given the company would discount, and at maturity the notes would be taken up by defendant. The president of the company testifies the notes were deemed prepayments for the work of the company in constructing defendant’s machine or part of it. It seems, too, that in delivering the machines or orders the company would collect from the purchasers, and in this way money of the defendant came into their hands. In this course of business the company had collected four thousand dollars of defendant’s royalties, and besides the defendant had furnished them his note for twenty-five hundred dollars, which at maturity he had taken up, aggregating sixty-five hundred dollars. The company becoming insolvent, a few days before the seizure of the property and the appointment of liquidating commissioners, agreed to deliver to defendant the castings and portions of machines on hand they had made in anticipation of orders, the delivery to discharge to the extent of the value of the property the liability of the company for the money they had collected for defendant and for the amount of his note on which they had realized. Under this agreement the delivery was made by the commissioners acting for the company before the appointment of the plaintiff.
The plaintiff insists that this delivery of the patented machines or portions of it, made for the defendant under the course of business shown by the record, is to be viewed as the prohibited transfer of the insolvent debtor to his creditor. Civil Code, Arts. 1970, 1978, 1984, 2658 et seq. The defendant’s contention is that the property delivered, covered by his patents conveying his exclusive *1462 right to sell, was of no use or value to any but himself; that the-creditors were benefited, not injured by the ti'ansaction, and haviag the right under the method of his dealing with the company to demand the property, the delivery merely fulfilled the obligation of the company.
The law forbids the giving in payment to the creditor of the property of the insolvent debtor, the creditor knowing of the insolvency and the transaction operating injury to the creditors. This prohibition enforces the principle that the debtor’s property, the common pledge of all the creditors, is not to be appropriated for the benefit of one of them. Civil Code, Arts. 1968, 1970, 1976, 1984 et seq., 2655, 2658. But with other essentials to bring the transfer within the scope of the prohibition the law looks to the intent of the parties, and the important question whether there is any resulting injury to creditors. Monthly vs. Creditors, 18 La. 888. In this case the delivery embraced, as we read the record, the parts of an incomplete machine or portions of it, and appliances required for the machine, admitting of no other use. The defendant was the patentee. All the property delivered had been made for him. Our attention has been directed by plaintiff to the provision in the patent laws discharging from all liability for using or selling the patented machine, the purchaser from the patentee, or who constructs the machine before the patent issues, or one who makes such sales with the patentee’s consent. Any privilege which it may be supposed was derived from this provision of the patent laws seems to us to be of small, if of any, importance to the commissioners of an insolvent firm whose property was sold or to be sold, and whose business was at an end. Practically, the patentee solely entitled to sell the machine was the only party to whom the incomplete parts of the machine was of the least use. To this effect is the testimony in the record which attributes to these castings or parts of the machines no value except to the patentee, save such value as is attached to old junk. The transfer, treating the defendant as a mere creditor, discharged over three thousand dollars of debt. The price was adjusted, we understand, at the factory rates, with the discount off allowed on large orders. With the light of this record, it seems to us this transaction utilizing metal in forms admitting of no use except to the patentee of the machine, and which could not be sold for any price equivalent to the indebtedness *1463 the transfer settled, stands unaffected by the law, setting aside transfers by debtors, only when injurious to creditors. The interference of the law through the revocatory action with transfers by debtors to creditors, is not simply because of that relation. Oases are nob infrequent where such transfers are beneficial to creditors, or, at least, work them no harm. Transactions between an insolvent debtor and his creditor, by which he gets property for his debt, are to be closely scrutinized, in view of the articles of the Code on that subject. We must, however, take the case as it is placed before us by the record. The testimony, in our appreciation, is that the property transferred was practically of no value, except to the patentee. Nor, from our examination of the record, is there any testimony to the contrary; that is, on this point of value. If we are correct in this appreciation of the testimony, we are called on to set aside a transfer operating no injury to creditors, but of benefit to them. Injury to creditors is an indispensable element of the revocatory action, and that basis, in our view, the record does not furnish. Of this opinion, too, was the lower court.
The plaintiff claims there was no delivery prior to the appointment of a liquidating commissioner. It is claimed by defendant that the property was set apart, put in a room and placed under the control of the defendant. The delivery before che appointment of the commissioners is contended for by defendant, and in argument for the plaintiff the actual delivery, it is insisted, was nob till after the commissioners (the first that acted) were appointed. On this branch of the case, we think the tendency of our jurisprudence is to exclude the syndics or commissioners from objections of this character. The agreement in this case was made by the parties, it seems to us, in entire good faith and in the appreciation on both sides, that the defendant was entitled to the property, and that the transfer itself was the best for the interest of creditors and all concerned. When the present commissioners came into office, they found the defendant in possession under that agreement. Such an agreement, in our view, may well be deemed valid .as against the syndic, or, at least, not to be assailed on the ground of non-delivery or delivery attempted, but not executed. The protection the law gives to bona fide contracts of the insolvent before the insolvency extends as well to defects or informalities in the giving in payment as to the sale itself. Civil Code, Arts. 2456 et seq., 2655, 2658. Campbell vs. *1464 Slidell, 5 An. 274; Nicolopulo vs. Creditors, 37 An. 472; Partee vs. Corning, 9 An. 539. Irrespective, however, of this question of delivery we are dealing with a transaction which, if we correctly read the testimony, worked no prejudice to the creditors. In that view, the transaction is not open to attack.
Again Leeds & Oo. not only manufactured the attachments sold by defendant himself, but when they sold sugar mills the opportunities often occurred of supplying also these attachments. When paid, they collected as part of the price, the royalties of defendant as patentee. These amounts, thus collected, remained in their hands. When they needed money the defendant would be called on for his notes which they would realize on discount. These pecuniary accommodations were due entirely to the relation they occupied of manufacturing for defendant his patented machines and manufacturies in advance to secure prompt execution of orders. The accommodations were, as it seems to us, on the basis of anticipated work to be done by the company and to be settled by the manufacture of the machine when the orders came either through defendant or from the planter ordering from the company. As the president of the company puts it in his testimony with reference to the defendant’s notes, they were considered prepayment. In that view the defendant might well be deemed entitled to the machines or the incomplete machines — i. e., parts not put together on hand and delivered to him. Of course, the commissioners or syndics can not question the fulfilment of an obligation resting on the insolvent at or before the insolvency. Nor for the same principle can non-delivery urged by the commissioners avail them. Partee vs. Corning, 9 An. 539; Nicolopulo vs. Creditors, 37 An. 472. On this as on the other branch of the case we do not think the record affords any basis to disturb the judgment of the lower court.
It is therefore ordered that the judgment of the lower court be affirmed with costs.