(77 South. 891)

No. 21182.

LOWENBERG, MARKS & CO. et al. v. H. & C. NEWMAN, Limited.

(Jan. 28, 1918.    Rehearing Denied Feb. 25, 1918.)

*(Syllabus by the Court.)*

1. REAL ACTIONS ⚖═>8(2)—PETITORY ACTION—TITLE OF PETITIONER.

In a petitory action the plaintiff must allege a title superior to the one he attacks.

2. MORTGAGES ⚖═>499—EXECUTORY PROCESS—RIGHT OF CREDITORS.

Irregularities in an executory process will not cause title to property thereunder to be annulled at the suit of creditors of the seized debtor where the debtor has acquiesced in the proceedings and has given possession of the property to the purchaser, particularly where fraud is not alleged and proved.

3. FRAUDULENT CONVEYANCES ⚖═>205—RIGHTS OF CREDITORS—INJURY.

The transfer of property by the insolvent debtor, alleged to be in fraud of creditors, will not be set aside merely and only because the transferee is a creditor, and the indebtedness the consideration of the transfer. If under the circumstances the transfer was to the advantage of the creditors, or at least not injurious to them, the transaction is not within the scope of the revocatory action; one of the elements required in that action being injury to the creditors.

4. INSOLVENCY ⚖═>62—TRANSFER TO CREDITOR—REVOCATORY ACTION.

If such transfer fulfilled the obligation on the debtor before and at the time of his insolvency, there is no room for the revocatory action.

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James Simon, Judge.

Petition by Lowenberg, Marks & Co. and others against H. & C. Newman, Limited, to have a sale of a debtor's property to defendant under executory process declared void and the property declared subject to plaintiffs' mortgages. Exception of no cause of action sustained, and plaintiffs appeal. Affirmed.

Gilbert L. Dupre, of Opelousas, for appellants. Dart, Kernan & Dart, of New Orleans, John W. Lewis, of Opelousas, and Martin & Martin and Dan W. Voorhies, all of St. Martinville, for appellee.

SOMMERVILLE, J. Plaintiffs, alleging themselves to be judicial mortgage creditors of George L. Roger, have joined in one petition asking that a certain sale of Roger's property, under executory process, to H. & C. Newman, Limited, be declared null, void, and of no effect; that the property be declared to belong to Roger, and to be subject to plaintiffs' mortgages.

Plaintiffs do not claim to be acting for Roger. On the contrary, they have made him a defendant in the cause.

[1] If the action may be considered petitory in its nature, as was argued orally by

counsel, the exception of no cause of action filed by H. & C. Newman, Limited, was properly sustained, and the suit was properly dismissed. Plaintiffs have appealed from the judgment.

Plaintiffs do not set up in Roger or in themselves a title superior to the title of Newman to the property. They allege that Roger owned the property; that he mortgaged it to Newman, Limited; that Newman, Limited, caused executory process to issue on the mortgage notes held by it; that Newman, Limited, bought the property at the sheriff's sale, and went into possession thereof nearly five years before the plaintiffs became judicial mortgage creditors of Roger.

Plaintiffs' mortgages did not exist at the time of the sale of Roger's property. Their mortgages came five years thereafter, and they were inferior in rank to that held by Newman. Plaintiffs therefore have no interest in setting up irregularities in the judicial proceedings by which Newman acquired title.

The property of the debtor is the common pledge of his creditors; but the proceeds of the sale thereof go to the creditor who has some lawful cause of preference. The creditor Newman had a preference over plaintiffs. Roger did not give this preference; the law gave it. The property was sold for less than the mortgage; so the sale did not result in any injury to the plaintiffs. R. L. Gilmer, Application for Monition, Opposition of Josephine Nicholson et al., 21 La. Ann. 589.

Plaintiffs do not allege that the Newman mortgage was invalid, or that there was collusion, fraud or other ill practices on the part of Roger or Newman in the executory proceedings. They do not allege that the price was inadequate, or that the property would bring sufficient to benefit them if it was offered for sale now.

[2] Plaintiffs simply allege certain irregularities of the clerk of court and sheriff in the executory proceedings which they say annul the sale. They allege that the clerk failed to file the papers in the suit; that the sheriff gave no notice of seizure to Roger; and that he did not actually go upon the property and seize it. But they do not allege that Roger did not acquiesce in the seizure. Vinton Oil Co. v. Gray, 135 La. 1049, 66 South. 357. On the contrary, they allege that Newman went into possession of the property as owner under the title he received from the sheriff.

According to exhibits marked C and D, annexed to and made part of plaintiffs' petition, H. & C. Newman, Limited, defendant herein, caused to be issued a writ of seizure and sale against George L. Roger personally and as administrator and liquidator, on the 25th day of February, 1909. The notes sought to be collected were of date March 28, 1906, for $45,000, with interest.

The sheriff of St. Martin parish, acting under the writ, seized the property March 7, 1909, and sold it on April 24, 1909, at public sale.

Plaintiffs, claiming to be judgment creditors, attack the proceedings under which the property was sold as being absolute nullities, and they make the mortgage debtor party defendant. At the time of the judicial sale the amount due to these ordinary creditors was about $12,250.

Plaintiffs allege that:

"On or about April 1, 1909, George L. Roger proposed to his ordinary creditors a settlement in part cash and balance in notes."

They accepted the cash and received the notes. These creditors may have been judicial mortgage creditors also previous to that time, although they are referred to as ordinary creditors in the petition. If they were, their judgments were satisfied on or about that date by their receiving one-third thereof in cash from Roger, and his notes at one and two years for the balance.

The petition does not state that petitioners were the creditors referred to, nor does the petition state when the plaintiffs became creditors of George L. Roger, unless it be about April 1, 1909, when they received his notes upon which they sued him in 1914 and obtained judgments which they had recorded, and thus became judicial mortgage creditors of Roger the same year in which this suit was brought. Continuing to quote from the petition:

"That the said George L. Roger, having thus quieted for the time being petitioners herein, quietly sat down and permitted his mortgage creditors, H. & C. Newman, Limited, to attempt to take from him (to the great injury of the petitioners) the real estate he, George L. Roger, owned at the time."

But plaintiffs, the ordinary creditors of Roger, had "been quieted" not before, but after, the seizure by Newman.

The petition admits that the H. & C. Newman, Limited, mortgage had attached to the property seized, and that Newman took possession of the property after the sale.

Plaintiffs attack defendant's title on the grounds:

(1) The original petition and order of seizure and sale were not filed by the clerk of court of St. Landry parish (although they admit that the said clerk issued the writ under the said petition and order).

(2) The sheriff of St. Martin parish gave no notice to defendant, Roger; did not take physical possession of the premises seized; and appointed no custodian.

They allege that at the time of the adjudication of the said property they were the creditors of Roger. They allege that H. & C. Newman, Limited, was in bad faith, because the proceedings for the enforcement of Newman's mortgage were conducted illegally. But that is not bad faith on the part of defendant.

Newman went regularly into court through his lawyers; and the failure of the clerk of Court of St. Landry to file the petition and order of court and the failure of the sheriff of St. Martin to seize the property did not constitute bad faith on the part of H. & C. Newman, Limited.

The assertion of bad faith is merely a conclusion of plaintiffs. It is not based on any allegation showing actual bad faith. The irregularities complained of show, if anything at all: (1) A mistake on the part of the St. Landry clerk of court; (2) a mistake on the part of the sheriff of the parish of St. Martin—with which mistakes, however, Newman had, or could have had, no connection.

George L. Roger, the original owner of the property, the seized debtor, had not complained, and is not complaining, of any informality in the proceedings filed in the name of Newman, holder of the mortgage attaching to the property, and by virtue of which proceedings he (Roger) has been dispossessed, and Newman placed in possession.

Whether or not the petition for the seizure of the Roger property was marked "Filed" by the clerk of court, whether or not the sheriff of St. Martin took actual possession of the property at the time of the seizure, and whether or not a notice of seizure was or was not served on Roger, the object of these proceedings has become an accomplished fact, and the property was transferred by judicial deed, duly recorded, not attacked as to form, and Newman has taken possession of the property without any complaint on the part of Roger, or of any other person at the time.

Plaintiffs allege that they are judicial mortgage creditors, and that their mortgages operate on all of Roger's property; and, if such, it has been decided that they may sue a third person having in his possession property belonging to him. Neda v. Fontenot, 2 La. Ann. 782; Logan v. Herbert, 30 La. Ann. 733. Such action is petitory in its nature

when the creditor may be said to represent, or when he is associated with, the judgment debtor. But in this case the judgment debtor is made a defendant. Indeed, plaintiffs obtained their judgments against Roger, and recorded them for the purpose of joining together and bringing what appears to be a revocatory action; and they argue that under articles 1970 and 1990, C. C., they have the right to proceed herein. Article 1970 is as follows:

"The law gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors where there is any such cession, or other proceedings by which they are collectively represented, an action to annul any contract made in fraud of their rights."

And article 1990 is, in part, as follows:

"* * * They are authorized, by virtue of the action given by this section, to exercise all the rights existing in favor of the debtor for recovering possession of the property to which he is entitled, in order to make the same available to the payment of their debts."

Plaintiffs say:

"Several creditors of a common debtor may join as plaintiffs in a revocatory action to annul acts of the debtor and others done in fraud of their rights, and may make parties defendant in such action all who are charged with complicity in the collusion."

The articles of the Code cited by plaintiffs are under the caption, "Of the Action of the Creditors in Avoidance of Contract, and Its Incidents," which is the Actio Pauliana or revocatory action. So if the suit of plaintiffs is to be considered a revocatory action, it must fail, as article 1993 provides:

"No creditor can, by the action given by this section, sue individually to annul any contract made before the time his debt accrued."

Newman's debt accrued prior to February 25, 1909, and the sale took place March 7, 1909. The notes of plaintiff fell due subsequently. The brief of plaintiffs says on April 1, 1910, and April 1, 1911, plaintiffs obtained judgments thereon and had them recorded in 1914, some five years after Newman, Limited, had caused executory process to issue on its notes, and had acquired the property of Roger thereunder.

Further, plaintiffs' action, to prevail, must have been based:

First. On fraud practiced between their debtor, Roger, and the creditor, H. & C. Newman, Limited.

Second. Injury suffered by the plaintiffs on account of such fraud. C. C. 1978. Fraud without injury, or injury without fraud, will not suffice to give plaintiffs a cause of action.

Plaintiffs' petition does not recite facts which can be construed or viewed as fraud practiced, or collusion of any kind, between Roger and Newman.

[3, 4] Plaintiffs have not alleged any injury done them. The mere statement that "they have been injured," without giving the facts and figures showing the kind and extent of the injury, is insufficient. As well might one sue another, alleging that the defendant owes plaintiff a certain sum of money, without specifying the basis of the claim. Facts must be alleged which, if true, would entitle judgment for the demand.

In other words, unless plaintiffs allege in what manner and to what extent and amount they have been injured, they would not be permitted to prove same.

They (plaintiffs) have utterly failed to allege how the judicial sale made on April 24, 1909, by the sheriff of the property of Roger to Newman, holder of the mortgage attached to the property, has injured them, the ordinary creditors at the time of the sale.

If there were informalities in the proceedings preceding the judicial sale, Roger has acquiesced in and waived those irregularities, and it was competent for him to waive these rights and forms, because that is not prohibited by law.

One may renounce what the law has established in his favor, when the renunciation does not affect the rights of others, and is

not contrary to the public good. C. C. 11; Quertier v. Succession of Hille, 18 La. Ann. 65; Broadwell v. Rodrigues, 18 La. Ann. 68.

In the present case plaintiffs admit that they were the ordinary creditors of Roger, and they admit that the property adjudicated to Newman was sold to pay the mortgage bearing on said property in favor of Newman.

They do not allege, because of the irregularities and illegalities complained of, that the property was sold for less than it should have been, or, in other words, that if all the formalities of law had been complied with, they, the ordinary creditors, would have reaped any benefit then and there.

They simply allege that when Newman seized the Roger property the formalities of law were not followed; but they also admit that there was an adjudication of the property to Newman, and that the latter has taken possession of the same, without complaint on Roger's part, nor even on their part.

These plaintiffs are not championing the rights of Roger; but they are supposedly advancing their rights.

"Where third persons seek to annul a judicial sale on account of informalities, it is essential for them to show they have been injured by the sale; otherwise they have no right to interfere." Richardson v. Scott, 6 La. 54; Gilmer, Application for Monition, Opposition of Josephine Nicholson et al., 21 La. Ann. 589.

Fraud or collusion and injury are the basis of the revocatory action. Mullen v. Harding, 12 La. Ann. 271.

It has frequently been held that judicial sales ought not to be disturbed, unless the party suing can show an injury resulting to him from the sale (to show the injury, he must allege what the injury is).

The plaintiffs have failed to allege that at the time of the judicial sale Roger was in failing circumstances; they say he is now insolvent, but make no mention of then.

Plaintiffs do not allege any collusion, or any preference given, or how and to what extent they have been injured by the sale of the mortgaged property.

Documents C and D annexed to the petition, as parts thereof, show that H. & C. Newman, Limited, held a mortgage exceeding $60,000 in amount on the pieces of property adjudicated for $22,600.88 at public sale. As plaintiffs do not complain of the "price of the adjudication," it must stand as having been a fair price, and plaintiffs, ordinary creditors at the time, were not injured by that judicial sale, the proceeds whereof did not even satisfy the Newman mortgage bearing thereon.

Again, the property, the judicial sale whereof is sought to be annulled, is not described or valued in the petition. The court cannot say to "what extent" the plaintiffs have been injured.

This is not a personal suit against H. & C. Newman, Limited, but one for the rescission of the sale of property; and, unless the property be described, no judgment can cover it.

The mere statement that Roger permitted the "defendant company to take his property on compulsory process" is not an allegation of fraud. In order to constitute the basis for the rescission of a contract, or of an involuntary transfer of property, the attacking party must allege something more upon the part of defendant than the pursuit of an advantage which he holds by virtue of a mortgage or pledge, and it matters not that the seized debtor stood idly by and saw the property sold without all the formalities of law being complied with. Unless the mortgage was stricken with some mortal infirmity, the only result in such circumstances would have been a reseizure.

The knowledge which must be present in a revocatory action is knowledge on the part of Roger, the seized debtor, and Newman, the seizing creditor, of the fraud or in-

jury which they are practicing on other parties; and that knowledge, as well as the elements of fraud and injury, must be specified and proved.

The jurisprudence is clear and uniform that a creditor, as in the instant case, cannot avail himself of informalities which attach to judicial sales in the absence of injury alleged and proven.

In the case of In re Gilmer, 21 La. Ann. 590, this court say:

"It has been frequently held that judicial sales ought not to be disturbed, unless the party suing can show an injury resulting to him from the sale, as well as an interest in the result of the suit. [Fortier v. Zimpel] 6 La. Ann. 54, 581; [Seawell v. Payne] 5 La. Ann. 260; [Monition of Johnson] 3 La. Ann. 656, 664; [Livingston v. White et al.] 2 La. Ann. 902."

And in Le Blanc v. Dubroca, 6 La. Ann. 360, that:

"Where third persons seek to annul a judicial sale on account of informalities, it is essential for them to show they have been injured by the sale; otherwise, they have no right to interfere with it"

This court has also indicated that one seeking to annul a judicial sale for informalities should offer to warrant that such property, if resold, would bring a higher price than it did before; and it has further indicated that the plaintiff in such an action ought to offer to pay the amount of the mortgage debt. In Barret v. Emerson, 8 La. Ann. 503, the court say:

"The petition contains no allegations, nor the record any proof, of any injury having been sustained by Peyroux, the defendant in execution, under whom the present plaintiff claims, in consequence of the informalities alleged, nor of any offer on the part of the plaintiff, to warrant that the property, if resold, would bring a higher price than it did before, nor any tender of payment of the mortgage debt which incumbered the property before Peyroux acquired an interest in it, and for the satisfaction of which the judicial sale was made. Why should bona fide purchasers, who have advanced their money upon the faith of the proceedings of a court of justice, a judgment, execution and sheriff's deed, who have possessed peaceably for many years, who have expended large amounts in improvements, be turned out of possession on account of mere informalities, at the instance of a party who shows no injury, and exhibits no equitable ground for relief? Such a result is inconsistent with repeated decisions which of late years this court has felt it to be its duty to make. See Cerion v. Millaudon, 3 La. Ann. 668; Sewell v. Payne, 5 La. Ann. 260; Copeland v. Labatut, 6 La. Ann. 61; Stockton v. Downey, Id. 585. We are aware that those decisions are not in harmony with the jurisprudence which for a time prevailed in this state. But they were the result of careful reflection. We believed them to be a return to sound and equitable principles, which we thought had been lost sight of in a too rigorous regard for form. We found a sanction for them, not merely in natural equity. but in the jurisprudence of other enlightened countries; and we saw that the titles of many honest citizens had been rendered insecure, public confidence shaken, and the public prosperity affected by the temporary adoption of a contrary doctrine."

The decision in Meche v. Lalamie, 30 La. Ann. 1138, affirms that doctrine:

"But before a creditor of the vendor can annul his act as simulated it must appear that it injures the creditor, and that his debt existed before the execution of the act complained of."

Plaintiffs' allegations are bottomed exclusively on the absence of certain formalities, which devolved upon the clerk of court and the sheriff, long anterior to the sale, such as want of filing of the notes and mortgage upon which the executory process issued, want of notice of seizure, and the want of actual seizure or possession, upon the part of the sheriff. This court, in Nagel v. Clement, 113 La. 196, 36 South. 936, disposed of similar matters, when urged by the seized debtor, as follows:

"On the question of the prematurity of the issuance of writ of seizure, see Williams. v. Sheriff, 47 La. Ann. 1287, 17 South. 805, and the cases there cited, and particularly Woodward v. Dashiel, 15 La. 184, where Judge Martin is reported as saying that this prematurity involved nothing more serious than a question of costs. * * *

"That want of actual seizure is cured, where purchaser has gone into possession, see Munholland v. Scott, 33 La. Ann. 1043; Pike v. Evans, 94 U. S. 6, 24 L. Ed. 40."

The syllabus in Baldwin v. McDonald, 48 La. Ann. 1460, 21 South. 48, is conclusive of the controversy. It is as follows:

"(1) The transfer of property by the insolvent debtor, alleged to be in fraud of creditors, will not be set aside merely and only because the transferee is a creditor, and the indebtedness the consideration of the transfer. If under the circumstances the transfer was to the advantage of the creditors, or at least not injurious to them, the transaction is not within the scope of the revocatory action; one of the elements required in that action being injury to the creditors. C. C. 1968, 1970, 1978, 1984; Montilly v. His Creditors, 18 La. 383; Caldwell v. Atchafalaya Bank, 14 La. 322, cited in Poitevent Lbr. Co. v. Standard Mills & Mfg. Co., 49 La. Ann. 80, 21 South. 194.

"(2) If such transfer fulfilled the obligation on the debtor before and at the time of his insolvency, there is no room for the revocatory action.

"(3) The court adverts to the line of decisions that deny to syndics the right to disturb bona fide transactions of the insolvent for informalities or such defects as nondelivery in contracts of sales; defects which the insolvent could not urge. Partee v. Corning, 9 La. Ann. 539; Campbell v. Slidell, 5 La. Ann. 274; Nicolopulo v. Creditors, 37 La. Ann. 472."

The exception of no cause of action was properly sustained.

Judgment affirmed.

O'NIELL, J., concurs in the decree on the ground solely that the plaintiffs' petition does not disclose that they were injured by the transaction complained of or that they would be benefited by having the judicial sale annulled and the H. & C. Newman mortgage thereby reinstated ahead of their claims.