EASTERN DIS.
*August*, 1832.

GAYOSO ET AL.
*vs.*
LEWIS ET AL.

sufficient averment of her capacity of heir.

A contract made by a *femme couverte* is ratified by a partial payment after she becomes a *femme sole.*

---

## GAYOSO ET AL. *vs.* LEWIS ET AL.

### APPEAL FROM THE COURT OF THE THIRD DISTRICT.

Minors may be sued in the District Court.

The right of the creditor to interfere with the contracts which his debtor may enter into with third persons, is wholly founded on the injury they may occasion him.

By the Old Civil Code the plaintiff, having a mortgage on certain property which is insufficient to satisfy the debt, and claiming property from a third person on the ground of a fraudulent transfer, ought to show injury sustained and insufficiency of his debtor's property.

The Louisiana Code confers privileges on a plaintiff seeking to set aside contracts made in fraud of his rights, which he did not previously possess.

In an action to set aside a contract made in fraud, defendant may demand a discussion of the property belonging to the original debtor; and on pointing out the property, as specified in the Louisiana Code, the suit will be stayed until such property be discussed.

Eastern Dis.
August, 1832.

GAYOSO ET AL.
vs.
LEWIS ET AL.

The facts are stated in the opinion of the court, delivered by Porter, J.

The plaintiffs, as heirs of Margaret Shile, were mortgage creditors of one Gladden King, now deceased. The petition charges, that the property mortgaged is not sufficient to pay the debt; and that the debtor, during his life, by divers false and fraudulent conveyances, divested himself of the greater portion, if not the whole of his estate, and transferred the title to it, by the interposition of third persons, to his wife and children. The petition prays for judgement against them, and that the various conveyances may be set aside and declared void.

Exceptions were filed to the mode in which the action was instituted against the widow and minors, to the jurisdiction of the court in which the suit was brought, &c. It is also specially pleaded, that the plaintiffs "must discuss the plantation before any judgement can be pronounced." To these pleas the general issue is added.

The cause was submitted to a jury in the court of the first instance, who found a verdict for the plaintiffs. There was judgement accordingly, and the defendants appealed.

*Minors may be sued in the District Court.* The objections to the mode in which the minors and widow are sued, and the court in which the action is brought, do not appear to us well founded. The exception, however, which demands a discussion of the property mortgaged before judgement can be pronounced, appears to us of a much more serious nature than these just noticed.

*The right of the creditor to interfere with the contracts which his debtor may enter into with third persons is wholly founded on the injury they may occasion him.* The right of the creditor to interfere with the contracts which his debtor may enter into with third persons has, neither in law nor reason, any other ground to rest on, than the injury they may occasion him. It is obvious, therefore, that while he retains sufficient property to satisfy the creditor by whom his contracts are attacked, the latter is deprived of any cause of action. Hence, previous to the passage of the late amendments to our code, it was considered indispensable for the plaintiff in a suit like that now before us, to show that he

*By the Old Civil Code the*

EASTERN DIS.
*August,* 1832.

was injured, by proving, either by the return of the sheriff or otherwise, that his debtor had not sufficient property left out of which the debt due by him could be satisfied. Evidence which established there was real or personal estate which the creditor could resort to for the payment of the money due to him was, on the other hand, deemed sufficient to put an end to the action. The 1968th article of the Louisiana Code has, however, materially modified this jurisprudence, and confers privileges on the plaintiff in an action to set aside contracts made in fraud of his rights, which we do not apprehend he previously possessed.

It declares that the defendant in such an action may demand a discussion of the property belonging to the original debtor, before any judgement shall be pronounced in the suit to avoid the contract, and on his pointing out and proving the existence of such property situate in the state, and the title to which is not in dispute, the suit against him shall be staid until such property be discussed.

This provision is imperative, and it appears to the court conclusive against the right of the plaintiffs to have the judgement which they obtained in the District Court confirmed here. The application of the rule is strengthened by the fact of there being property mortgaged to the creditor. It is true, the plaintiffs assert in their petition, that the property which they sold, and which was hypothecated to secure their debt, is now in the hands of a third person, who sets up a title paramount to theirs. The record affords no evidence of this fact, and we do not understand how it can be. The sale was by authentic act, the mortgage duly recorded, it contained the pact of *non alienando;* no one, therefore, could have acquired since the sale a paramount right to that of the petitioners, from the vendee. If a superior title existed in any one previous to the sale to King, this, so far from showing a right in the plaintiffs to set aside his contracts, would, on the contrary, prove, that they had sold what did not belong to them, and would destroy, not only their right to maintain this action, but even that to recover the money from the original debtor.

plaintiff, having a mortgage on certain property which is insufficient to satisfy the debt, and claiming property from a third person on the ground of a fraudulent transfer, ought to show injury sustained and insufficiency of his debtor's property.

The Louisiana Code confers privileges on a plaintiff, seeking to set aside contracts made in fraud of his rights, which he did not previously possess.

In an action to set aside a contract made in fraud, defendant may demand a discussion of the property belonging to the original debtor, and on pointing out the property, as specified in the *L. Code,* the suit will be stayed until such property be discussed.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided and annulled; and it is further adjudged and ordered, that the cause be remanded to the court of the first instance, and that the proceedings in this action be staid until the plantation mortgaged for the security of the debt be discussed; the appellee paying costs in this court.