On Motion to Remove from Preference Docket.
PROVOSTY, J.
On the ex parte application of the appellants, this ease was ordered to be transferred to the preference docket, as involving a public interest, under section 3 of rule 10 (67 South, ix). Appellees now move that said order be rescinded, and, in the alternative, ask that a motion which has been filed to dismiss the appeal be heard and disposed of in advance of the merits, in view of the very great probability of the said motion having to be sustained.
The facts are that, prohibition having been voted in the parish of Rapides at an election held under the auspices of the police jury, the city of Alexandria filed this suit to contest the election, and obtained judgment, and the police jury, by formal resolution, acquiesced in the judgment; and the appellants. *638 then took the present' appeal,- alleging themselves to be citizens, propérty owners, and taxpayers of the parish of Rapides, and to have an interest as such in the maintenance of prohibition in said parish because thereby the property values and the public revenues will be increased, taxation and criminal expenses reduced, desirable immigration promoted, and they themselves will be procured “the gratification of an intellectual enjoyment of religion, morality, and taste”; and alleging, further, that they have an interest as voters in seeing that the result of the said election be passed on by this court; and alleging, further, that they and a large number of other citizens, voters, and taxpayers of said parish have organized themselves into an Anti-Saloon League, and that they desire to appeal in the further quality of members and officers of this league, the object' of whose organization is to promote temperance and oppose intemperance.
The grounds of the motion are as follows:
“That said appellants were and are not parties to said suit.
“That said appellants are third persons in relation to said suit and said judgment.
“That said appellants have no appealable interest in said cause.
“That said appellants have no direct pecuniary interest in said cause.
“That said appellants have not been aggrieved or injured by the judgment rendered by the district court from, which they undertake to prosecute this appeal.
“That, in fine, said appellants have no.t, and do not allege and show that they have, any interest in said cause, or in the judgment from which they undertake to prosecute this appeal, that can serve as a legal ground or basis for the prosecution of an appeal from said judgment.”
[2] The case, in our opinion, certainly involves a public interest. It affects' a large parish of the state and the city of Alexandria, and the inhabitants thereof, in all the respects mentioned in the allegations upon which the prayer for the appeal is based.
But the right of the appellants to take the appeal, and thereby to impose upon this court and upon the appellees the task of considering the case on its merits, is not so clear; there is wisdom therefore in the suggestion that the motion to dismiss be first considered and disposed of, in order that, in the event of its being sustained, the consideration of the merits be dispensed with.
This, however, should not be allowed to delay the trial of the merits, and this court will, in consequence, take order accordingly.
Motion to return the case to the ordinary docket is denied, and the motion to dismiss is fixed for trial for Monday, 22d of May, 1916.
On Motion to Dismiss Appeal.
LAND, J.
[1] In November, 1915, an election was held in the parish of Rapides for the purpose of taking the sense of the qualified voters for that parish as to whether or not intoxicating liquors should be licensed and sold throughout the limits of said parish on and after. January 1, 1917.
The returns of said election showed, on their face, a majority of 7 votes in favor of prohibition, and the police jury of the parish by a vote of 8 to 7 so proclaimed the result of the election.
Thereupon the.present suit was instituted to perpetually enjoin the police jury from passing an ordinance giving effect to said election and from prohibiting the sale of intoxicating liquors as a result thereof.
The plaintiffs based their cause of action upon alleged defects and illegalities occurring prior to the date of election; among other grounds, that no officers of election had been legally provided, that the form of the ballot was unintelligible and misleading, and that there was no proclamation of election giving voters to know that the election would be held; that no election had been h,eld at1 McNary precinct; that the election had not been held at the election precincts as established and ’numbered by the police jury. .
The case was tried, and judgment was rendered in favor of the plaintiffs, decreeing. *640 the election to be null, void, and of no effect, and perpetually enjoining the police jury from passing an ordinance giving effect to said election, and from prohibiting the sale of intoxicating liquors as the result thereof.
. The police jury unsuccessfully moved tor a new trial,.and the judgment was signed.
Thereupon the police jury, by a vote 8 to 4, resolved not to appeal from said judgment, and directed the district attorney to formally acquiesce in the judgment. Whereupon that official appeared in open court and filed a motion informing the judge presiding that the police jury would not prosecute an appeal from said judgment, but on the contrary formally acquiesced therein.
On March 22, 1916, Benjamin F. Thompson and other persons representing themselves as officers and members of the Rapides Parish Anti-Saloon League, and as residents, voters, property owners, and taxpayers of said parish, petitioned for and were granted an order for a devolutive appeal returnable to the Supreme Court of this state.
The petition of appeal contains the following allegations supported by affidavit:
“I. Petitioners present this petition individually and as members and officers of the Rapides Parish Anti-Saloon League, of which the said Benjamin E. Thompson is president, H. H. White is vice president, C. Cottingham is secretary, and the other named persons are members of the executive committee.
“II. Petitioners aver that they are third persons not the original parties to this suit; that they are citizens and residents, voters, property owners, and taxpayers of Rapides parish, Louisiana ; that they have been aggrieved by the judgment which has been rendered herein, and that they desire to take appeals, both suspensive and devolutive therefrom, to the honorable Supreme Court of Louisiana, at New Orleans, Louisiana.
“III. They aver that they are interested in this litigation, and the particulars in which they have been aggrieved by the said judgment are, among others, as follows:
“(A) They have suffered a pecuniary grievance because they, as residents, citizens, property owners, and taxpayers, are interested in the subject-matter of this suit, which affects the fiscal affairs, the revenues, and the financial condition of the city of Alexandria, of which city a number of petitioners are citizens, and of the parish of Rapides. In this connection petitioners aver that they are informed and verily believe, and so aver on information and belief, that if the decision of this court is reversed on appeal, and the prohibition of the sale of intoxicating liquors in Rapides parish is put into legal effect from and after January 1, 1917, the property values in Rapides parish, Louisiana, generally, and the valuation of the individual property of petitioners will be greatly increased; that the criminal expenses of the parish will be greatly decreased; that desirable immigration into the parish will be greatly promoted; that taxation will be greatly reduced, and that the material prosperity of the parish, and of petitioners individually will be greatly enhanced.
“(B) Besides the financial interest which petitioners have in this case, petitioners have an interest apart from any pecuniary loss or privation, or any pecuniary gain which they may experience from said decision, to wit: The gratification of an intellectual enjoyment of religion, morality, and taste, which though not exactly appreciable or measurable in money, yet constitute legal rights, the deprivation of which so aggrieve petitioners as to entitle them to appeal.
“(C) Petitioners further aver that they are further aggrieved by the said judgment because under the local option laws of Louisiana they, as citizens and voters, have a legal, moral, political, and financial interest in the result of this litigation, and in seeing that the result of the local option election which was contested in this suit is finally passed upon, and adjudicated by the highest court in this state, and that same be put into legal force and effect.
“Petitioners further represent that the Rap-ides Parish Anti-Saloon League is a voluntary association composed of a large number of citizens, voters, and taxpayers of Rapides parish, Louisiana, which has a central organization at Alexandria, Louisiana, and has ward organizations in the various wards of this parish, the purpose of which league is generally to promote the cause of temperance, to oppose intemperance, to secure the prohibition of the sale of intoxicating liquors, by virtue of the local option laws of Louisiana relative to that subject; that the said Rapides Parish Anti-Saloon League was largely the instrumentality in bringing about the local option election which is contested in this suit, and that the said league and officers and individuals who compose it have an interest, both financial and moral, in the result of the litigation, and are aggrieved by the judgment which has been rendered ; and the said Rapides " Parish Anti-Saloon League Comniittee by virtue of a resolution adopted at a meeting of the said executive committee, held at Alexandria, Louisiana, on the 8th day of March, 1916, a copy of which resolution is attached hereto, and made part hereof.”
The city of Alexandria and its coplaintiffs, who were the original plaintiffs, filed a mo *642 tion to dismiss the appeal on the following grounds:
“That said appellants were and are not parties to the suit.
“That said appellants are third persons, in relation to said suit and judgment.
“That said appellants have no appealable interest in said cause.
“That said appellants have no direct pecuniary interest in said cause.
“That said appellants have not been aggrieved or enjoined by the judgment rendered by the district court from which they undertake to prosecute this appeal.
“That, in fine, said appellants have not, and do not allege and show that they have any interest in said cause, or in the judgment from which they undertake to prosecute this appeal, that can serve as a legal ground or basis for the prosecution of an appeal from said judgment.”
The same plaintiffs also filed another motion to dismiss this appeal on the ground that the Supreme Court is without jurisdiction ratione materise in the premises.
This motion is without merit. The city of Alexandria alleged that:
It “derives from the licensing of the sale of liquor at retail within its corporate limits the annual revenue of not less than thirty thousand dollars.”
Several wholesale and retail liquor dealers in the city of Alexandria are also plaintiffs in this suit, and each of them alleged that he derived from his business a net annual profit of not less than $2,100.
Appellees contend that the appellants have no direct pecuniary interest in the subject-matter of this suit, and therefore cannot appeal. In support of this proposition, the appellees cite a number of cases, commencing with Lafitte v. Duncan, 4 Mart. (N. S.) 622, and ending with Levert v. Shirley Planting Company, 135 La. 929, 66 South. 301. In the latter case it was held that stockholders of a corporation have no pecuniary interest in its property which entitles them to appeal from an order of seizure and sale. Of course a shareholder has an indirect and, sometimes, a very valuable interest in the property of the corporation.
Plaintiffs allege that prohibition in the panish of Rapides will directly and necessarily deprive the city of Alexandria of $30,000 in annual revenues, and break up the business of all dealers of intoxicating liquors. Appellants, on the other hand, allege:
That, if prohibition should go into effect on January 1, 1917, “the property values in Rap-ides parish, Louisiana, generally, and the valuation of the individual property of petitioners, will greatly increase, that the revenues of the parish will be greatly increased; that the criminal expenses of the parish will be greatly decreased; that desirable immigration into the parish will be greatly promoted; that taxation will be greatly reduced; and that the material prosperity of the parish and of petitioners individually will be greatly enhanced.” ■
The pecuniary interest thus alleged is future, contingent, and speculative, and is not “a real and actual interest,” already arisen, required for the bringing of an action. Code of Practice, art. 15.
In this litigation, the police jury represented the people of the parish of Rapides. The same police jury, which had ordered and supervised the election and proclaimed the result, was made the defendant in the suit to annul the election. After the final judgment against the police jury, that body, in the exercise of its discretion, resolved to acquiesce in the judgment, and not to prosecute an appeal therefrom.
The appellants have a common interest with all other prohibitionists of the parish in reversing said judgment, and the antiprohibitionists have a like common interest in sustaining said judgment. But such common interest will not support an appeal.
In Guilbeau v. Detiege, 32 La. Ann. 909, an election case, judgment was rendered in favor of the plaintiff, and the defendant did not appeal. But the incumbent in office appealed, as a third party, alleging a large pecuniary interest. The appeal was dismissed, the court saying:
“The rule of law which grants to a third par- • ty the right -of appeal from a judgment rendered in a suit to which he was not a party, requires him to allege and show a direct pecuniary interest in the controversy.”
*644 ■ This court, in State ex rel. Newman v. Hayles, 32 La. Ann. 1135, an election case, repelled the, contention that an important public interest affecting the people of an entire parish was sufficient to give the court jurisdiction.
This court’s jurisdiction is limited to the category of eases set forth in article 85 of the Constitution. The present appeal does not involve any amount or question within our appellate jurisdiction.
We realize the importance of the question of prohibition in any community, but at the same time we would not be justified in usurping jurisdiction in order to determine such question.
Appeal dismissed.