PROVOSTY, J.
The plaintiff association, alleging itself to be the subrogee of 13 creditors of the defendant Rotonti, and 6 other persons, alleging themselves to be creditors of the same defendant, have brought this suit to cause to be annulled a transfer of property made by him to his wife, as being a simulation, or at any rate a fraudulent preference, and at all events null for want of form.
[1] A suit like the present can be brought only by a creditor. Article 1968, C. C., says a judgment creditor, and so does article 1972 (Olivier v. Majors, 133 La. 764, 63 South. 323; Potier v. Haiman, 1 Rob. 526; Andrews v. Sherry, 122 La. 469, 47 South. 771); but the latter article adds that the judgment need not have been obtained in a separate suit, but may be sued for in the same suit. The reason why only a judgment creditor can maintain this action is that the sole purpose of it is to pave the way for the execution of the judgment which the creditor has obtained.
The plaintiffs do not allege that their claims have been reduced to judgment, and they are not asking that they be so reduced. It may be, therefore, that for that reason their petition shows no cause of action; and an exception of no cause of action was pleaded below. But another exception which stands before it in logical order was also pleaded, and was sustained. It is that of misjoinder of parties plaintiff.
[2] When a suit of this character is brought by a judgment creditor, there is but one issue involved — that of the nullity vel non of the act sought to be annulled. There is, then, no issue on the question of indebtedness vel non, because that issue has been settled finally by the judgment. If several judgment creditors joined in the suit, the issue would still remain one and single; there would still be no question of indebtedness vel non, but only that of fraud vel non. And, as the several creditors have a common interest in that issue, there could be no good reason why they should not be allowed to join in one suit for litigating it; and our jurisprudence so recognizes. But the situation is different where several plaintiffs, not having claims reduced to judgment, join in such a suit, for then the issue of indebtedness vel non arises upon the claim of each and every one of them, and hence there are as many additional separate issues as there are plaintiffs; and these issues may be as diverse in character and in the evidence required for supporting or combating them as the origins of the claims may be diverse. The defenses to them also may be different. In the present case, for instance, the defendant Rotonti may want to plead, as against one of the plaintiffs, that the indebtedness which arose out of the business upon which the plaintiff is founding the claim sued on was in his (Rotonti’s) favor, and not in that of the plaintiff. Against another of the plaintiffs, he may want to plead payment; against another, prescription; against another, novation; against another, remission; against another, compensation; against another, prematurity; against another, confusion, etc., to the end of the chapter of defenses — a different defense against each of the 19 plaintiffs.
*333 [3] That several creditors whose claims have nothing common in their origin cannot, under our system of procedure, join in one suit against the common debtor for reducing their claims to judgment, is a proposition which no one, we imagine, would gainsay. And the reason is not that there would be any trouble in writing up the several judgments after the claims had been established, but that the establishment of the claims would involve as many issues as there were separate claims, and that it is bad enough to be trying one lawsuit at a time, without jumbling 19 of them together.
Before these 19 plaintiffs could provoke judicial inquiry into this transfer of property by Rotonti to his wife, they would have to show that they were his creditors. When they came to do this, and Rotonti should have made his defense to each one of the claims, there would be 19 lawsuits — possibly each one involving a different issue and requiring the investigation of different facts —jumbled into one. Rotonti is entitled to fight his would-be creditors one at a time; and Mrs. Rotonti cannot be brought into court to stand by while 19 lawsuits are being threshed out and settled between her husband and as many plaintiffs claiming to be his creditors.
Judgment affirmed, at the cost of plaintiffs.
O’NIELL and DAWKINS, JJ., dissent, and O’NIELL, J., hands down reasons. See 82 South. 290.