No. 3189

Second Circuit

FEIST v. WILLER & GAMM, INC.

(April 9, 1931. Opinion and Decree.)
(May 20, 1931. Rehearing Refused.)

Malcolm W. Feist, of Shreveport, attorney for plaintiff, appellee.

Edward Barnett, of Shreveport, attorney for defendant, appellant.

WEBB, J. Plaintiff, Samuel Feist, and defendant, Willer & Gamm, Inc., are creditors of Willie Bradford, a resident of the parish of Caddo, Louisiana. Plaintiff filed suit against the common debtor on January 14, 1927, and after legal delays obtained judgment by default; but while plaintiff's suit was pending, defendant obtained from the common debtor a confession of judgment on which suit was filed and judgment rendered, which judgment was immediately registered in the office of the recorder of mortgages for the parish of Caddo. Thus, defendant, Willer & Gamm, Inc., obtained judgment against the common debtor and had the judgment registered in the office of the recorder of mortgages prior to the date plaintiff obtained judgment, who, as stated, was the first of the two to file suit.

In the present action, which was filed on February 5, 1927, plaintiff seeks to have the judgment obtained by defendant annulled and the inscription of the judgment on the mortgage records, which was made following the registry of the judgment, canceled and erased; and for the latter purpose, the clerk of the district court and ex officio recorder of mortgages of Caddo parish, Louisiana, was made a party to the suit.

The action was brought under the provisions of article 1970, Civ. Code, which gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors, when there is any such cession, or other proceedings by which they are collectively represented, an action to annul any contract made in fraud of their rights.

Plaintiff alleges the facts first hereinabove stated, and also that Bradford was insolvent, and that the confession of judgment had been obtained by defendant who had knowledge of Bradford's insolvency; that the confession was given and obtained with the intent of enabling defendant to obtain an unjust preference and advantage over plaintiff and other creditors; that plaintiff had been injured by the registry of the judgment, which gave defendant a judicial mortgage on the debtor's property, thus priming the claim of plaintiff; that the property of the debtor, with the judicial mortgage of defendant priming plaintiff's claim, would not be sufficient to pay plaintiff and other creditors of Bradford; and plaintiff further alleged that defendant may at any time cause the fraudulent judgment to be executed, and thus defeat the rights of plaintiff against the property of Bradford, which plaintiff would have had but for the fraudulent preference and judgment of defendant.

Defendant excepted that plaintiff's petition failed to state a right or cause of action, which was overruled, and under reservation of its rights in the exception, defendant answered admitting the facts first hereinabove stated, and otherwise denying plaintiff's allegations.

In presenting the cause here, defendant and appellant urges that the exception should be sustained and plaintiff's suit dismissed, and in event the exception should not be sustained, that the evidence failed to establish either that the confession of judgment was given or obtained with the intent to give defendant an unfair preference or defraud plaintiff, or that plaintiff had sustained any injury.

There were numerous grounds suggested in support of the exception, among which were that a mere confession of judgment by an insolvent debtor was not reprobated by law, and that plaintiff having failed to allege that he had seized any property belonging to the common debtor, or that he had registered his judgment in the office of the recorder of mortgages, and thus obtained a privilege or a right to be paid by preference from the proceeds of the sale of the property of the common debtor, he, plaintiff, was not in position to institute the revocatory action; but as we gather, the principal ground on which the exception was based, is the contention that the facts alleged by plaintiff do not show that he sustained any injury, which is the only ground considered by the parties in their briefs.

Confining our decision on the exception to that contention, the basis of the contention appears to be that defendant did not obtain any privilege on the property of the common debtor or any right to be paid by preference from the proceeds of

the sale of any property belonging to the common debtor, if and when the property should be sold; and that if plaintiff sustained any injury, such injury resulted from the registry of defendant's judgment in the office of the recorder of mortgages (articles 3321, 3322, Civ. Code, and Act No. 215 of 1910), and that plaintiff could not have sustained any injury unless the common debtor had property which was affected by the registry of defendant's judgment.

While it must be conceded that it was essential that plaintiff should have alleged facts showing that he had sustained injury (article 1978, Civ. Code; Gayoso v. Lewis, 4 La. 329; LeBlanc v. Dubroca, 6 La. Ann. 360; Gillis v. Dansby, 26 La. Ann. 711; Lowenberg, Marks & Co. v. Newman, 142 La. 959, 77 So. 891), and that a mere general allegation of injury would not be sufficient; but considering the fact that defendant had its judgment registered and the allegation that plaintiff had been injured by the registry of the judgment, which gave defendant a judicial mortgage on any immovable property owned by the debtor, we are of the opinion that the allegations were sufficient to enable plaintiff to introduce evidence to show that the common debtor had property which would be affected by the registry of defendant's judgment, and therefore that the exception was properly overruled.

On the merits, evidence was introduced which was sufficient to sustain the finding that defendant obtained the confession of judgment with the intent of having the judgment registered in the office of the recorder of mortgages prior to the time in which plaintiff could obtain judgment in due course, but the evidence does not establish that the common debtor, Bradford, had any property which was affected by the registry of the judgment. In fact, the evidence indicated that the common debtor did not own any property whatsoever. The president of the defendant company, on whose plantation Bradford lived, stated that Bradford did not have any property, and plaintiff said that Bradford had informed him about the time the suits were filed, that he was in need of food and clothing; and the only evidence indicating that Bradford had any property was the statement of plaintiff that Bradford, the common debtor, was one of nine children of S. Bradford, deceased, and an excerpt from the assessment rolls showing an assessment against the estate of S. Bradford of sixteen acres of land, at the value of $850.

The evidence does not, we think, show with certainty that Bradford, the common debtor, had any property subject to seizure or mortgage, and appellee apparently concedes as much; but it is urged that the judicial mortgage may be enforced not only against the immovable property which the debtor owns, but also against the immovable property which he may acquire (article 3328, Civ. Code), and that at least as to the immovables which the debtor might acquire, the registry of defendant's judgment gave it a preference on such property and to that extent plaintiff was injured by the registry of defendant's judgment.

However, we are of the opinion that the injury which it is essential that plaintiff in a revocatory action should show, relates to a present injury and not a future injury which might occur, if and when the insolvent debtor obtains some property.

The revocatory action, we think, is given to individual creditors in contemplation

that they have or will proceed under their judgments against the property of the debtor (article 1972, Civ. Code; N. O. Credit Men's Assn. v. Cattana et al., 145 La. 330, 82 So. 289), and that when the action sought to be revoked is merely a preference, such preference must relate to property which is subject to execution under their judgments and not to property which may become subject to execution in the near or distant future (see Alexandria v. Police Jury, 139 La. 635, 71 So. 928, Ann. Cas. 1918A, 362).

We are therefore of the opinion that the evidence at least failed to establish that plaintiff had sustained any injury; and it is therefore ordered that the judgment appealed from be avoided and reversed, and that plaintiff's demands be rejected at his cost.