WILLIAMS & MILLER v. JONES et al.

No. 1818.

Court of Appeal of Louisiana. First Circuit

April 7, 1938.

Talley & Richardson, of Bogalusa, for appellant.

Benj. W. Miller, of Bogalusa, for intervenor.

Ott & Johnson and O. H. Carter, all of Franklinton, for appellee.

OTT, Judge.

Plaintiffs filed suit seeking: First, a personal judgment in their favor and against the defendant W. H. Jones for the sum of $526.25, with legal interest from June 8, 1936, being the amount alleged to be due by said Jones for lumber sold and delivered to him between May 14 and June 6, 1936, which lumber was to be used by Jones in building seven small houses on five lots owned by him in Bogalusa; second, for annulling and setting aside as fraudulent a sale of said lots and buildings thereon made by Jones to Mrs. P. Armstrong on June 8, 1936, which sale was made before said houses were completed, and before the recordation of the lien and privilege of plaintiffs against the property for the lumber sold Jones; and, third, for the recognition of their materialmen's lien and privilege on said seven houses and the lots on which they are located, and for the sale of said property to pay their said lien and privilege.

Ray R. Starns filed an intervention in the suit asking for recognition of a lien and privilege in his favor against the property for groceries furnished the workmen on the buildings on the order of Jones while these workmen were performing work on the buildings.

Jones made no appearance in the suit, and judgment against him was confirmed by default. Mrs. Armstrong and her husband, who were made parties to the suit, filed an exception of no cause of action which was overruled, and which exception has apparently been abandoned, as no reference is made to it in this court. The Armstrongs filed an answer in which they categorically denied all of the allegations of the petition, and set up their good faith in the purchase of the property from Jones, and further alleged that they had spent in connection with said property the total sum of $627.35, and offered to convey the property to plaintiffs on being refunded said amount with interest. They also claimed by way of reconvention the sum of $5,000 damages against plaintiffs for alleged libel and slander for the false and malicious allegations of fraud made against them in the petition.

Judgment was rendered, dismissing the intervention of Starns, and in favor of plaintiffs against Jones and Armstrong, annulling and setting aside the sale of the lots and buildings thereon from Jones to Mrs. Armstrong, and recognizing plaintiffs' lien and privilege on that part of the lots on which the seven houses are located and ordering the property sold to pay the claim of plaintiffs. The Armstrongs have taken a devolutive appeal.

As the intervener, Starns, has not taken an appeal from the judgment that dismissed his intervention, it is obvious that his claim cannot be considered on the appeal. Laloire v. Wiltz, 31 La.Ann. 436.

At the beginning of the trial, counsel for the Armstrongs objected to all testimony on the ground that all interested parties were not before the court. While this objection did not state what parties were not properly before the court, we infer from the subsequent position taken by counsel for the Armstrongs that it was based on a failure to properly cite the principal debtor, Jones.

Plaintiffs allege in their petition that Jones, their debtor, after making the fraud-

142

ulent sale to the Armstrongs, left this state, and his place of residence is unknown to petitioners. In another part of their petition they allege that Jones was a resident of Washington parish until June 8, 1936, when he transferred said property and left for parts unknown. Plaintiffs prayed for the citation of Jones and the Armstrongs. The suit was filed almost four months after it is alleged that Jones had left the state for parts unknown. The sheriff undertook to serve the citation on Jones by leaving it at a house in Bogalusa where he had formerly lived. The returns show that the sheriff went to this house and inquired for Jones and was informed by the person living there that Jones formerly lived in that house, but had left there in June and his whereabouts were unknown. The sheriff left the citation at this house with a person over the age of sixteen years.

■ It is evident from the allegations of the petition and the returns of the sheriff that the house at which the citation was left was not the domicile of Jones. Under this state of facts it is obvious that service could not be made legally on Jones at this house either under article 189 of the Code of Practice nor under Act No. 179 of 1918, § 1, subsec. (9). Jones was not served at his domicile, and, as it appears that he had no domicile in this state, he could be served only through a curator ad hoc. It follows that the judgment against Jones is a nullity.

■ Plaintiffs have seen fit to resort to the revocatory action in order to set aside the sale from their debtor to Mrs. Armstrong, and they are controlled by the rules laid down for that kind of an action. Regardless of the fact that the property transferred by their debtor to Mrs. Armstrong went to her subject to the lien and privilege in favor of plaintiffs for the payment of their claim, we are powerless to enforce this lien and privilege against the property now in the hands of a third person, as no hypothecary action has been brought to force Mrs. Armstrong either to pay the lien and privilege or surrender the property. We cannot convert the action from a revocatory one to a hypothecary one. If the action were hypothecary, Jones would not be a necessary party, as in this form of action the third possessor is the principal defendant.

■ Therefore, treating the action as a revocatory one, the situation is the same as to Mrs. Armstrong as though plaintiffs had no lien and privilege on the property, but only an ordinary claim against their debtor, Jones. This being true, it is necessary that plaintiffs liquidate their claim against Jones by a valid judgment before revoking the sale by him to Mrs. Armstrong. Civil Code, arts. 1972 and 1975. The very reason for requiring the principal debtor to be made a party to the suit for revoking a sale made by him, where no judgment has been previously rendered against him, is in order that the claim of the creditor may be liquidated by a judgment before or at the time of decreeing the nullity of the sale sought to be revoked. Otherwise, and in the absence of a valid judgment, the anomalous situation might arise of having a sale made by the debtor revoked, when, for some legal reason, the creditor is not entitled to a judgment against his debtor on the claim. The creditor's right or interest in having the sale of his debtor's property revoked does not arise until the creditor has secured a judgment against his debtor, which judgment must be procured either before or at the time of decreeing the nullity of the sale.

■ It is contended by plaintiffs, and was so held by the learned trial judge, that the Armstrongs cannot question the service on Jones for the reason that they did not file an exception of nonjoinder of proper parties in limine litis. The case of Carolina Portland Cement Company v. Southern Woods Distillates & Fiber Co., 137 La. 469, 68 So. 831, is cited as authority for this position. But, in our opinion, that case is not authority for this position for the reason that the situation is different in this case. In the cited case, as the court stated, the law did not require the contractor to be made a party to the suit in order for the creditor to recover from the owner the amount due by the owner to the contractor. But, in a revocatory action, the law does specifically require that the debtor be made a party to the suit in order to liquidate the claim, if it has not already been liquidated. Moreover, the Armstrongs objected to going to trial without all proper parties being brought into court. This objection in itself would protect their rights, if any objection or exception were necessary to enable them to question the validity of the judgment.

■ A valid judgment against the principal debtor being a prerequisite to the right of plaintiffs to revoke the sale to Mrs. Armstrong, she has a right to question the validity of this judgment for want of citation on Jones, nor would the fact that no appeal has been taken from the invalid judgment by Jones affect her right to attack the judgment. Waddill v. Payne & Harrison, on rehearing, 23 La.Ann. 777. Our conclusion, therefore, forces us to set aside the judgment and remand the case for the proper citation of Jones.

For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby reversed and set aside, and the case is remanded for the purpose of enabling plaintiffs to make the defendant W. H. Jones a party to this suit by proper citation; for a new trial and such other proceedings herein as may be legal and proper, and in accordance with the views herein expressed; the plaintiffs to pay the cost to date, and all other cost to await the final termination of the suit.