364 So.2d 1032 (1978)
MARTIN LEBRETON INSURANCE AGENCY
v.
Mrs. Sara PHILLIPS, wife of/and Lewis Ray Lamastus, Metro, Inc. and Lucy Reid Rausch, Clerk of Court.
No. 62351.
Supreme Court of Louisiana.
November 13, 1978.
Rehearing Denied December 14, 1978.
*1033 Robert J. Oster, Edmund T. Wegener, Jr., Stephen F. Babin, Gauche, Wegener & Oster, New Orleans, for plaintiff-applicant.
Conrad Meyer, III, Robert R. Rainold, Jr., Baldwin & Haspel, New Orleans, Julian J. Rodrigue, Rodrigue & Pierson, Covington, for defendants-respondents.
SANDERS, Chief Justice.
The plaintiff, Martin Lebreton Insurance Agency, brought suit to revoke a dation en paiement from Mr. and Mrs. Lewis Ray Lamastus to Metro, Inc. The district court, finding that the donors were solvent and that the dation did not prejudice the plaintiff, rejected the demand. The Court of Appeal affirmed, finding that the donors were insolvent but that the plaintiff had failed to establish that it was prejudiced by this dation. 357 So.2d 883. On application of plaintiff, we granted a writ to review that decision. 359 So.2d 632.
Mr. and Mrs. Lamastus were owners of approximately eighty acres of land in St. Tammany Parish known as Saray Beach Marina. They were indebted to Metro, Inc. for $257,442.52, secured by a mortgage on this property. The Lamastuses also owed $56,207.47 to other creditors holding mortgages upon this land. Metro, Inc. sought to liquidate the indebtedness owed it. After securing releases from the other mortgage creditors, Metro, Inc. and the Lamastuses entered into a dation en paiement on February 24, 1977. The dation recited $257, 442.52 as the consideration for the transfer.
On February 11, 1977, Mr. Lamastus executed a promissory note for $30,000.00, secured by a collateral mortgage on the Saray Beach Marina for insurance premiums due to the Martin Lebreton Insurance Agency. The agency did not record this mortgage until March 24, 1977, approximately four weeks after the dation en paiement. The Insurance Agency then filed this revocatory action to annul the dation.
Article 1970 of the Louisiana Civil Code, dealing with the revocatory action, provides:
"The law gives to every creditor, when there is no cession of goods, as well as to the representatives of all the creditors where there is any such cession, or other *1034 proceedings by which they are collectively represented, an action to annul any contract made in fraud of their rights."
Article 2658 provides:
"This difference gives rise to another in the effect of these contracts, in cases of the insolvency of the debtor. He may, although insolvent, lawfully sell for the price which is paid to him; but the law forbids to give in payment to one creditor, to the prejudice of the others, any other thing than the sum of money due."
Both lower courts found that the subject property had a value of $303,500.00. The total mortgage indebtedness, exclusive of that of the plaintiff, aggregated $313,649.99. The record discloses that the property was the subject of a sheriff's sale on October 27, 1976. The minimum bid was fixed at $295,877.00; no bids were submitted. Hence, we find no reason in the record to disturb the finding of insolvency.
Insolvency alone, however, is an insufficient basis for revoking a dation en paiement. The law requires prejudice, or injury, to the complaining creditor. LSA-C.C. Arts. 1978, 2658; Harman v. Defatta, 182 La. 463, 162 So. 44 (1935); Deposit Guaranty National Bank v. Shipp, La.App., 232 So.2d 810 (1970).
Under Article 1977, the effect of a judgment of revocation is that the contract is avoided as to the complaining creditor and the property is applied to the payment of the judgment of that creditor. See Zuberbier & Behan v. Morse, 36 La.Ann. 970 (1884). Hence, the law contemplates a present injury as distinguished from one that may occur in the future. Feist v. Willer & Gamm, 16 La.App. 618, 133 So. 797 (1931).
In Feist v. Willer & Gamm, supra, the Court of Appeal stated:
"The revocatory action, we think, is given to individual creditors in contemplation that they have or will proceed under their judgments against the property of the debtor (article 1972, Civ.Code; N. O. Credit Men's Ass'n v. Cattana et al., 145 La. 330, 82 So. 289), and that when the action sought to be revoked is merely a preference, such preference must relate to property which is subject to execution under their judgments and not to property which may become subject to execution in the near or distant future (see Alexandria v. Police Jury, 139 La. 635, 71 So. 928, Ann.Cas. 1918A, 362)."
In the present case, the Saray Beach Marina is not the common pledge of all the creditors, because some of the creditors, including the transferee, hold mortgages on the property, giving them "lawful causes of preference." LSA-C.C. Art. 3183. Since plaintiff's mortgage was unrecorded at the time of the transfer, it concedes that it has only the status of an unsecured creditor in this litigation.[1]
Here, the debtors made the dation to a secured creditor.[2] Evidence relevant to the plaintiff's prejudice was offered in the trial court. We think, as did the Court of Appeal, that the evidence is adequate to resolve the prejudice issue.
The test for determining prejudice is a factual one, based on the value of the property and the ranking of the indebtedness. The creditors enumerated in the mortgage certificate retain precedence over the Martin Lebreton Insurance Agency. See Succession of Cottingham, 29 La.Ann. 669 (1877). These preferred claims amount to $313,649.99, more than the value of the ceded property, leaving nothing for the unsecured plaintiff. Hence, we conclude *1035 that the record negates the claim of injury. Jackson v. Miller, 32 La.Ann. 432 (1880); Deposit Guaranty National Bank v. Shipp, supra.
The plaintiff cites Quality Finance Co. of Donaldsonville v. Bourque, La., 315 So.2d 656 (1975) in support of its contention that prejudice to the complaining creditor is not an essential basis for the revocatory action. This decision is inapposite. The narrow issue before the court there was whether a transferee of property in a dation en paiement from its mortgage debtor was entitled to have inferior mortgages and liens cancelled. This Court held that it was not.
For the reasons assigned, the judgment of the Court of Appeal dismissing the plaintiff's suit is affirmed.
TATE, J., dissents and assigns reasons.
TATE, Justice, dissenting.
I respectfully dissent.
Under the findings of the majority, the mortgaged property had a value of $303,500. The secured creditor (Metro) obtained this property from the debtor by a dation en paiement to discharge a debt owed it in the amount of $257,442.52. (It secured releases as to inferior secured creditors owed $56,207.47 by Lamastus, secured by mortgages on the property.)
Under these findings, a secured creditor acquired the mortgaged property from the insolvent debtor for less than its true value, receiving a surplus value of some $46,000 above the amount of its debt. The other creditors of Lamastus were thus deprived of this value of his assets otherwise available to pay his debts.[1] Although insolvent, the debtor was not bankrupt; and, after exhaustion of the claims of the secured creditors to the extent of this $46,000, the assets of his estate would otherwise be available for distribution to his remaining unsecured creditors. By not using this excess value to discharge some of the inferior secured creditor's claims, the remainder of the debtor's assets after transfer of the mortgaged property was diminished insofar as the pro rata claim of payment available to each of the remaining unsecured creditors.
The superior creditor who obtained the mortgaged property for less than its true value thus obtained an unfair preference over the other creditors. The conduct constitutes, under the facts found, a constructive fraud against the rights of the other creditors. La.Civ.C. art. 1983. As provided by La.Civ.C. art. 1984: "Every contract shall be deemed to have been made in fraud of creditors, when the obligee knew that the obligor was in insolvent circumstances, and when such contract gives the obligee, if he be a creditor, an advantage over other creditors of the obligor." A preference is unfair and a constructive fraud "where the creditor knew that the debtor was in insolvent circumstances and the transaction gives the creditor any advantage over other creditors." Bank of Patterson v. Urban Co., 114 La. 788, 38 So. 561, 563 (1905). See Swift & Co. v. Bonvillain, 139 La. 558, 71 So. 849 (1916); American Steel Building Co. v. Brezner, 158 So.2d 623 (La.App. 3rd Cir. 1963).
The prejudice sustained by the plaintiff unsecured creditor was thus the diversion of some of the debtor's assets (the surplus value of the transferred property over the debt secured by it) to the preference of the senior secured creditor, which thus diminished by the extent of this preference the net entire amount of the debtor's assets available to all the other creditors. These include not only those secured by mortgages on the property acquired by the preferred creditor (who will become unsecured creditors for the balance due them, since the mortgaged property securing their debt *1036 has been transferred). Due to the preference thus obtained by the secured creditor with the first mortgage, the other unsecured creditors (such as the plaintiff and, now, the other previously-secured creditors) will each receive a lesser net share in any pro rata distribution of the debtor's remaining assets. Because of the preference, the amount of the remaining debts is greater (since the surplus value of $46,000 was not used to reduce them), to be satisfied out of the debtor's assets remaining after transfer of the property. Stated another way, the debtor's estate available for the payment of his other creditors is diminished by the $46,000 value received by the preferred secured creditor in excess of the actual debt owed him.
I recognize that the preferred creditor did not proceed to secure a dation en paiement with any intent to commit a constructive fraud upon the other creditors, and that it probably did not realize that the value of the property obtained by it was so much in excess of the debt owed it as found by the majority and the previous courts. However, as the jurisprudence cited indicates, its actual good faith is immaterial, when it received in fact an unfair preference by obtaining property for less than its value and by thus depriving the other creditors of this asset to the extent of the unfair preference.
NOTES
[1] Although the debtors were made defendants in this action, the plaintiff did not secure a judgment against the debtors. The absence of the judgment, we think, would bar a revocation judgment in this Court. LSA-C.C. Art. 1972; Block v. Marks, 47 La.Ann. 107, 16 So. 649 (1895); Williams v. Miller, La.App., 180 So. 140 (1938). However, since the debtors are parties to the litigation, we prefer to base our decision on other grounds.
[2] A different rule as to proof of prejudice may apply when the dation is to an unsecured creditor and the dation is attacked by another creditor of at least equal status. See Southland Inv. Co. v. Michel, La.App., 149 So. 177 (1933); 8 Tul.L.Rev. 277.
[1] Civil Code Article 3183 provides: "The property of the debtor is the common pledge of his creditors, and the proceeds of its sale must be distributed among them ratably, unless there exist among the creditors some lawful causes of preference."

See also Civil Code Article 3182: "Whoever has bound himself personally, is obliged to fulfill his engagements out of all his property, movable and immovable, present and future."