526 So.2d 854 (1988)
GENERAL ELECTRIC COMPANY
v.
Willard B. DUGAS, Sylvia G. Dugas MacDonald, and Dami Leigh Dugas.
No. CA 87 0431.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*855 Stephen P. Strohschein, Baton Rouge, for plaintiff-appellant General Elec. Co.
Alex W. Wall, Sr., Baton Rouge, for defendant-appellee Willard Dugas.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
ALFORD, Judge.
Plaintiffs, General Electric Company and Robert E. Brizendine, appeal from a judgment in the trial court sustaining the exception of improper joinder of parties filed by the defendant, Willard B. Dugas, dismissing the petition of Robert E. Brizendine. The plaintiffs in the instant lawsuit seek to obtain the revocation of the donation of certain immovable property by Willard B. Dugas and Sylvia G. Dugas MacDonald, defendants, to their daughter, Dami Leigh Dugas, also a party defendant.
General Electric is the judgment creditor of Sylvia G. Dugas MacDonald and originally filed suit against all three defendants. An exception of no cause of action and no right of action was filed by Willard B. Dugas and was subsequently sustained on August 6, 1985, by the trial court, dismissing General Electric's suit as to Willard B. *856 Dugas.[1] Thereafter, plaintiff's first amended and supplemental petition was filed wherein Robert E. Brizendine, denominated "Trustee of the Bankruptcy Estate of Willard B. Dugas", was added as a party plaintiff; General Electric restricted its claims to that portion of the immovable property previously owned and donated by Sylvia G. Dugas MacDonald, while Robert E. Brizendine maintained the action as to the donation of that portion of the property previously owned by Mr. Dugas. Both plaintiffs claim that the donation was made with the fraudulent intent to deprive the creditors of their rights to the immovable property.
To this first amended and supplemental petition, Willard B. Dugas filed exceptions of lack of procedural capacity, res judicata, improper joinder of parties, and a motion to dismiss the amended and supplemental petition. Thereafter, plaintiffs filed a second amended petition for the purpose of clarifying the separateness of the claims of each plaintiff. After hearing, the trial court sustained the exception of lack of procedural capacity and allowed plaintiff, Robert E. Brizendine, to further amend the petition to allege procedural capacity, pretermitting the other exceptions and the motion to dismiss.
A third amended petition was then filed, specifically alleging the capacity of Mr. Brizendine as trustee in the bankruptcy proceeding of Willard B. Dugas, accompanied by documents from the United States Bankruptcy Court for the Northern District of Georgia in support thereof. The judgment on the remainder of Mr. Dugas' exceptions, dated November 19, 1986, sustained the exception of improper joinder of parties, dismissed the petition of Robert E. Brizendine and declared the exception of res judicata to be moot. The trial court's written reasons for judgment state that the court "having considered all of the facts, the evidence and the pleadings grants the exception of improper joinder of parties filed by the defendant, dismissing plaintiff Brizendine's case." No substantive reason was given for this judgment, and defendant's motion to dismiss the amended and supplemental petition was not directly addressed. From this judgment, the plaintiffs, General Electric and Robert E. Brizendine, appeal, asserting that the trial court erred in granting the exception of improper joinder, and also, that the exception of res judicata and the motion to dismiss should have been dismissed.
The propriety of the trial court's dismissal of the amended petition adding Robert E. Brizendine as a party plaintiff on grounds of misjoinder, will first be addressed. As mandated by La.Code Civ.P. art. 647, the permissive joinder of parties is governed by La.Code Civ.P. art. 463. Those articles allow joinder where three conditions exist: 1) there is a community of interest between the parties joined; 2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and 3) all of the actions cumulated are mutually consistent and employ the same form of procedure. As La. Code Civ.P. art. 463, comment (b) points out, the term "community of interest" is considered as being synonymous with the term "common interest", and is used in the sense used by the court in Gill v. City of Lake Charles, 119 La. 17, 43 So. 897 (1907). The Gill Court held that, "the avoidance of a multiplicity of suits is always desirable, but that parties are not allowed to join unless they have a common interest as to the point at issue...." Gill, 43 So. at 898.
It is clear that where several judgment creditors join to revoke a fraudulent transfer made by a common debtor that there exists a community of interest between those creditors. In Marx v. Meyer, 50 La.Ann. 1229, 23 So. 923 (1898), fourteen creditors brought suit to set aside, revoke and annul a collusive confession of judgment and the resulting seizure of assets effected by the debtor in favor of seven other creditors. The court noted, in dicta, *857 that "the several creditors who bring this action could legally join therein, and could also join as parties defendant all who are charged with colluding for the purpose of defrauding them." Marx, 23 So. at 925. The plaintiffs in New Orleans Credit Men's Association v. Cattana, 145 La. 330, 82 So. 289 (1919), brought suit to annul a transfer of property made by the debtor to his wife, as either a simulation or a fraudulent preference. The plaintiff association alleged itself to be the subrogee of thirteen creditors of the defendant and was joined with six other persons also claiming to be creditors of the defendant. The court summarized the jurisprudence on the subject as follows:
When a suit of this character is brought by a judgment creditor, there is but one issue involvedthat of the nullity vel non of the act sought to be annulled.... And, as the several creditors have a common interest in that issue, there could be no good reason why they should not be allowed to join in one suit for litigating it; and our jurisprudence so recognizes.
82 So. at 289.
Since the plaintiffs did not allege that they were judgment creditors, the court distinguished the case on appeal from the jurisprudence as involving the additional issue of "indebtedness vel non". The court noted that where the creditor's claims were not reduced to judgment, there would be as many additional separate issues as plaintiffs since each plaintiff would have to prove the validity of each claimed debt. Based on that distinction, the lower decision dismissing the case was affirmed.
The present case differs factually from those cases in that each plaintiff has a separate cause of action against not one common debtor but separate debtors who allegedly donated community property[2] collusively, in fraud of the separate rights of the creditors; General Electric is the judgment creditor of Sylvia G. Dugas MacDonald and Robert E. Brizendine, as trustee of Mr. Dugas' bankruptcy estate, is authorized by 11 U.S.C.A. § 544 et seq. to avoid fraudulent transfers of the debtor, Mr. Dugas. Because the transfer about which each party plaintiff complains is one and the same[3], and since the only issue before the trial court is the nullity vel non of that transaction, we are unable to concur in the trial court ruling, sustaining the exception of improper joinder. Each plaintiff clearly has a common interest, that of having the donation set aside so that the property might be subject to satisfaction of their respective claims. We see no reason why the plaintiffs should be forced to bring separate actions, and, the defendant, Mr. Dugas, has suggested no way in which he would be prejudiced by the joinder of these parties. See Pryor v. Pryor, 22 So.2d 831 (La.App. 2d Cir.1945); Dickson v. Sandefur, 181 So.2d 75 (La.App. 2d Cir.1965), writ refused, 248 La. 906, 182 So.2d 660 (1966). In fact, possible prejudice and certainly inconvenience would be caused the other defendants were separate actions to be maintained. The testimony of Sylvia G. Dugas MacDonald would no doubt be required concerning the transaction in both lawsuits, thus necessitating her presence at both trials. Since a child of the debtor to whom donations of immovable property are made, is an indispensable party to the suit by the creditor to nullify the donation, Dami Leigh Dugas would be compelled to defend the revocatory action in two separate lawsuits. La.Civ.Code art. 2041; Guice v. Modica, 337 So.2d 302 (La.App. 2d Cir.1976).
Turning now to the other exceptions raised by the defendant, Mr. Dugas, in the court below, the defendant argues that the exception of res judicata is not properly *858 before this court for review since the district court did not decide the issue on the merits. However, the law is clear that exceptions argued by counsel and submitted to the trial court for decision can be considered on appeal even though no ruling was made by the lower court. La.Code Civ.P. art. 2164; State ex rel. Woods v. Register of State Land Office, 189 La. 69, 179 So. 38 (1938); Devillier v. City of Opelousas, 247 So.2d 412 (La.App. 3rd Cir. 1971). The exception of res judicata cannot be sustained because the demand made by Robert E. Brizendine against Willard B. Dugas cannot be said to be between the same parties as the previously dismissed action by General Electric against Willard B. Dugas. See La.R.S. 13:4231 (Supp. 1988); Bethard v. State, Through the Board of Trustees of the District Attorney's Retirement System, 471 So.2d 989 (La.App. 1st Cir.), writ denied, 475 So.2d 1109 (La.1985); Grain Dealers Mutual Ins. Co. v. Hardware Dealers Mutual Fire Ins. Co., 196 So.2d 650 (La.App. 1st Cir. 1967).
The only remaining issue is whether the amendment of plaintiff's petition to include Robert E. Brizendine's action against Willard B. Dugas was proper. As noted by the First Circuit in Wallace v. Hanover Ins. Co. of New York, N.Y., 164 So.2d 111, 117 (La.App. 1st Cir.), writ refused, 246 La. 598, 165 So.2d 486 (1964), the Louisiana procedural rules governing amendment of pleadings closely follow Rule 15 of the Federal Rules of Civil Procedure and, consequently, reference to Federal materials is appropriate. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), sets out the Federal standard of judicial discretion for determining whether an amendment should be allowed:
In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.the leave sought should, as the rules require be "freely given." Of course the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.
371 U.S. at 182, 83 S.Ct. at 230.
Foman v. Davis was cited with approval by the Louisiana Supreme Court in Giron v. The Housing Authority of the City of Opelousas, 393 So.2d 1267, 1270 (La.1981), with the court noting that a policy of liberal amendment is contemplated under both Louisiana and Federal law. See also Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 217 (1969).
The defendant cites numerous cases in which it is held that a party whose right of action has been lost by prescription cannot be joined in the suit of another by amendment in order to circumvent the prescription problem. See Younger v. American Radiator and Standard Sanitary Corp., 193 So.2d 798 (La.App. 3rd Cir.), writ denied, 250 La. 368, 195 So.2d 644 (1967). However, those cases are inapposite to the present case since prescription has not been alleged by any party to this litigation. Additionally, defendant cites Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.1982), arguing that a plaintiff cannot amend his suit to state a claim against a party who was previously dismissed as a defendant. That case can also be distinguished from the present situation in that General Electric amended its petition to join another plaintiff, Robert E. Brizendine, and it is Mr. Brizendine who asserts a cause of action against Mr. Dugas, not General Electric. Had General Electric amended its petition and reasserted a cause of action against Willard B. Dugas, then the Templet case would be pertinent. While the first amended petition was rather misleading and/or inartfully drafted regarding this point, the second and third amended petitions have removed all ambiguity and clearly distinguish the claims of General Electric as to Sylvia G. Dugas MacDonald and Dami Leigh Dugas from those of Robert E. Brizendine *859 as to Willard B. Dugas and Dami Leigh Dugas.
Further, the court can discern no bad faith or dilatory motive on the part of either party plaintiff, and Mr. Dugas has shown no prejudice from which he will suffer by the allowance of the amendment. Accordingly, the motion to dismiss the amended petition should be denied. However, we express no opinion regarding whether the amendment adding Mr. Brizendine as a party plaintiff should relate back to the filing of the original petition.
For the reasons assigned herein, the judgment of the trial court sustaining the defendant's exception of improper joinder of parties is reversed and the case is remanded to the trial court for further proceedings consistent with the foregoing, with costs of this appeal to be borne by the appellee herein.
REVERSED AND REMANDED.
NOTES
[1] While there are no written reasons of the court filed into the record for this judgment, the trial court in its written reasons for the November 19, 1986, judgment indicates the instant exception was sustained because Willard B. Dugas had been discharged in bankruptcy proceedings on May 21, 1984.
[2] The uncontradicted pleadings and documents filed into the record show that Willard B. Dugas and Sylvia G. Dugas MacDonald were married and living under a community property regime at the time that the donation to Dami Leigh Dugas was made, and that at some later date the community was dissolved.
[3] We think it relevant to note that the Act of Donation complained of by the plaintiffs, was a joint donation by Willard B. Dugas and Sylvia G. Dugas, encompassed by one document; and, in fact, La.Civ.Code articles 2347 and 2349 require the concurrence of both spouses for a donation of this type to be valid.